David M. Friedman (DFriedman@kasowitz.com)
David S. Rosner (DRosner@kasowitz.com)
Andrew K. Glenn (AGlenn@kasowitz.com)
Jeffrey R. Gleit (JGleit@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** <br><br> **BORDERS GROUP, INC.,** <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS INTERNATIONAL SERVICES, INC.,** <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS, INC.,** <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS DIRECT, LLC,** <br><br> Debtor. | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |

| | |
|---|---|
| **In re** <br><br> **BORDERS PROPERTIES, INC.,** <br><br>    **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (___)** |
| **In re** <br><br> **BORDERS ONLINE, INC.,** <br><br>    **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (___)** |
| **In re** <br><br> **BORDERS ONLINE, LLC,** <br><br>    **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (___)** |
| **In re** <br><br> **BGP (UK) LIMITED,** <br><br>    **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (___)** |

**DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 1015(b)
REQUESTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Borders Group, Inc. ("BGI") and its affiliated debtors and debtors in possession (collectively, the "Debtors") submit this motion (the "Motion") and respectfully represent as follows:

## BACKGROUND

1.     On the date hereof (the "Commencement Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## DEBTORS' BUSINESS

**A.** **Operations**

1. The Debtors are a leading operator of book, music and movie superstores and mall-based bookstores. At January 29, 2011, the Debtors operated 642 stores, under the Borders, Waldenbooks, Borders Express and Borders Outlet names, as well as Borders-branded airport stores in the United States, of which 639 stores are located in the United States and 3 in Puerto Rico. Two of Borders' flagship stores (along with other less prominent stores) are located in Manhattan. In addition, the Debtors operate a proprietary e-commerce web site, www.Borders.com, launched in May 2008, which includes both in-store and online e-commerce components.

2. As of February 11, 2011, the Debtors employed a total of approximately 6,100 full-time employees, approximately 11,400 part-time employees, and approximately 600 contingent employees (who are required to work one shift per month, and usually do so at special events), all of whom are located in the United States and Puerto Rico. The Debtors' employees are not subject to any collective bargaining agreements.

**B.** **Financials**

3. For the fiscal year ended January 29, 2011, the Debtors recorded net sales of approximately $2.3 billion. As of December 25, 2010, the Debtors had incurred net year-to-date losses of approximately $168.2 million.

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the *Declaration of Scott Henry*

*Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions* (the "First Day Declaration") filed contemporaneously herewith.

## JURISDICTION

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek immediate entry of an order, substantially in the form attached hereto as Exhibit A, (i) consolidating the Debtors' Chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) authorizing the Debtors to file the monthly operating reports required by the Operating Guidelines of the Office of the United States Trustee on a consolidated basis and (iii) waiving the requirement that the jointly-administered caption in these Chapter 11 Cases list the Debtors' tax identification numbers and other names used pursuant to section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

7. The Debtors request that the relief granted pursuant to this Motion apply to any subsequently filed debtor in these jointly-administered cases (each, an "Additional Debtor") without further order of the Court. The Debtors propose that a debtor be deemed an Additional Debtor upon the filing of a notice in such debtor's Chapter 11 case indicating that such debtor's Chapter 11 case is being jointly-administered with the Chapter 11 Cases of the Debtors.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1015(b) provides, in relevant part, that, "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates." *See* Fed. R. Bankr. P. 1015(b). Section 101(2)(B) of the Bankruptcy Code defines the term "affiliate" in pertinent part, as a

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

11 U.S.C. § 101(2)(B).

9. All of the Debtors are "subsidiaries" of BGI as that term is defined in section 101(2) of the Bankruptcy Code or are managed by an affiliate of BGI. Thus, joint administration of their estates is appropriate under Bankruptcy Rule 1015(b).

10. In addition, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect many or all of the Debtors. With eight (8) Debtors, each with their own case dockets, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the clerk of the Court (the "Clerk").

11. Joint administration of the Debtors' Chapter 11 Cases will permit the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that the parties in interest in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in all of these cases.

12. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim

4

or right.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files.  Supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee also will be simplified.

13. Accordingly, the Debtors request that the official caption of the Chapter 11 Cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BORDERS GROUP, INC.,** *et al.*,[1] | **Case No. 11-_____ (___)** |
| **Debtors.** | **(Jointly Administered)** |

14. The Debtors submit that use of this simplified caption, without reference to all Debtors, their tax identification numbers and other names used, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.  All pleadings filed by the Debtors will include a footnote (below) reference identifying the Debtors on the first page of each pleading.  Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available to parties in interest or will be provided by the Debtors upon request.  Therefore, the Debtors submit that the policies behind the requirements of section 342 of the Bankruptcy Code and Bankruptcy Rule 2002 have been satisfied.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

15.     The Debtors seek the Court's direction that in each of the Debtors' cases, a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Borders Group, Inc.; Borders International Services, Inc.; Borders, Inc; Borders Direct, LLC; Borders Properties, Inc.; Borders Online, Inc.; Borders Online, LLC; and BGP (UK) Limited. The docket in Case No. 11-    (  ) should be consulted for all matters affecting this case.

16.     Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion.[2] *See*, *e.g.*, *In re The Great Atl. & Pac. Tea Co.*, Ch. 11 Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 15, 2010) [Docket No. 68]; *In re Blockbuster, Inc.*, Ch. 11 Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 23, 2010) [Docket No. 36]; *In re Caruso Homes, Inc.*, Ch. 11 Case No. 08-18254 (JS) (Bankr. D. Md. June 26, 2008) [Docket No. 34]; *In re Mattress Discounters Corp.*, Ch. 11 Case No. 08-21642 (TC) (Bankr. D. Md. Sept. 15, 2008) [Docket No. 42]; *In re Tweeter Home Entm't. Group, Inc., et al.*, Ch. 11 Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007) [Docket No. 40]; *In re Movie Gallery, Inc., et al.*, Ch. 11 Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007) [Docket No. 109]; *In re Refco Inc., et al.*, Ch. 11 Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Nov. 15, 2006) [Docket No 3404].

17.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

---

[2] Because of the voluminous nature of the unreported orders cited herein, they are not annexed to this Motion. Copies of these orders are available upon request of Debtors' counsel, including at the hearing to consider the Motion.

**NOTICE**

18. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Tracy Davis, Esq. and Linda Riffkin, Esq.); (ii) those creditors holding the thirty largest unsecured claims against the Debtors' estates; (iii) counsel for the DIP Agents: (x) Morgan, Lewis & Bockius LLP (Attn: Wendy Walker, Esq. and Sandra Vrejan, Esq.), counsel for the Working Capital Agent, (y) Riemer & Braunstein LLP (Attn: Donald E. Rothman, Esq.), counsel for GA Capital LLC; (iv) Kelley Drye & Warren LLP, attorneys for certain landlords (Attn: James S. Carr, Esq., Robert L. LeHane, Esq., and Benjamin D. Feder, Esq.); (v) Lowenstein Sandler PC, attorneys for certain trade vendors (Attn: Kenneth A. Rosen, Esq., Bruce D. Buechler, Esq., Bruce S. Nathan, Esq., and Paul Kizel, Esq.); (vi) Fried, Frank, Harris, Shriver & Jacobson LLP, attorneys for General Growth Properties, Inc. (Attn: Brad Eric Scheler, Esq.); and (vii) Bingham McCutchen LLP, attorneys for Bank of America, N.A. (Attn: Julia Frost-Davies, Esq. and Andrew Gallo, Esq.) (collectively, the "Notice Parties"). The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 16, 2011
New York, New York

    KASOWITZ, BENSON, TORRES
     & FRIEDMAN LLP

    By: /s/ David M. Friedman
    David M. Friedman (DFriedman@kasowitz.com)
    David S. Rosner (DRosner@kasowitz.com)
    Andrew K. Glenn (AGlenn@kasowitz.com)
    Jeffrey R. Gleit (JGleit@kasowitz.com)
    1633 Broadway
    New York, New York 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

    *Attorneys for Debtor*
    *and Debtors-in-Possession*

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** <br><br> **BORDERS GROUP, INC.,** <br><br>          **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS INTERNATIONAL SERVICES, INC.,** <br><br>          **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS, INC.,** <br><br>          **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS DIRECT, LLC,** <br><br>          **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS PROPERTIES, INC.,** <br><br>          **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |
| **In re** <br><br> **BORDERS ONLINE, INC.,** <br><br>          **Debtor.** | **Chapter 11** <br><br> **Case No. 11-_____ (\_\_\_)** |

| | |
|---|---|
| In re<br><br>**BORDERS ONLINE, LLC,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 11-_____ (\_\_\_)** |
| In re<br><br>**BGP (UK) LIMITED,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 11-_____ (\_\_\_)** |

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(b)
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the Motion,[1] dated February 16, 2011, of Borders Group, Inc. ("BGI") and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and

---

[1] Any capitalized terms not defined herein shall have the meanings assigned to them in the Motion.

determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all other parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 11-\_\_\_\_\_ (\_\_\_).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases shall read as follows

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BORDERS GROUP, INC.,** *et al.,*[1] | **Case No. 11-_____ (\_\_\_)** |
| **Debtors.** | **(Jointly Administered)** |

5. A docket entry shall be made in each of above-captioned chapter 11 cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Borders Group, Inc.; Borders International Services, Inc.; Borders,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

2

Inc; Borders Direct, LLC; Borders Properties, Inc.; Borders Online, Inc.; Borders Online, LLC; and BGP (UK) Limited. The docket in Case No. 11-    ( ) should be consulted for all matters affecting this case.

6. The Debtors shall be permitted to file their monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis; provided, however, that the Debtors shall list disbursements separately for each individual Debtor.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2011
      New York, New York

                                      UNITED STATES BANKRUPTCY JUDGE