**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BORDERS GROUP, INC.,** *et al.*,[1] | **Case No. 11-10614 (MG)** |
| **Debtors.** | **Jointly Administered** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1),
FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f) and (l), AND LOCAL
BANKRUPTCY RULE 1007-1 (I) WAIVING REQUIREMENT TO FILE
LISTS OF CREDITORS AND EQUITY SECURITY HOLDERS
(II) APPROVING THE FILING OF A CONSOLIDATED LIST OF THE
DEBTORS' 30 LARGEST UNSECURED CREDITORS, AND (III) APPROVING
FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
OF DEBTORS' CHAPTER 11 CASES AND FIRST MEETING OF CREDITORS**

Upon the Motion,[2] dated February 16, 2011, of Borders Group, Inc. and affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 342(a), and 521(a)(1) of the Bankruptcy Code, Federal Bankruptcy Rules 1007(a), 2002(a), (d), (f), and (l), Local Rule 1007-1, and the Standing Order, for entry of an order (i) waiving the requirements to file lists of creditors and equity security holders, approving the filing of a consolidated list of the Debtors' thirty (30) largest unsecured creditors, and (iii) approving the proposed form and manner of notifying creditors of the commencement of these chapter 11 cases and of the first meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having provided notice of the Motion to the Notice Parties; and the Court having held a hearing to consider the requested relief (the "<u>Hearing</u>"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Order that the Debtors file a lists of creditors with the Court as of the Commencement Date are waived.

3. The requirements under Bankruptcy Rule 1007(a)(3), Local Rule 1007-1, and the Standing Order that the Debtors file lists of their equity security holders with the Court are waived.

4. The Debtors are authorized to file a consolidated list of their thirty (30) largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors.

5. As soon as practicable after entry of an order authorizing the engagement of a noticing and claims agent in these cases (the "<u>Notice and Claims Agent</u>" ), the Debtors shall

furnish to the Notice and Claims Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "List of Creditors").

6. The notice of commencement of these chapter 11 cases and of the 341 Meeting, substantially in the form annexed hereto Exhibit A (the "Notice of Commencement"), is approved.

7. On or before the date that is twenty-one (21) days prior to the date on which the 341 meeting is to be held, the Debtors, with the assistance of the Notice and Claims Agent, shall mail the Notice of Commencement to all parties identified on the Debtors' List of Creditors.

8. Before mailing the Notice of Commencement, the Notice and Claims Agent shall run the list of creditors through the United States Postal Service's National Change of Address ("NCOA") software to update any addresses that may have changed since the Debtors compiled the list. If the NCOA software determines that a mailing address has changed, the Notice and Claims Agent shall mail documents to the "new", updated address and is under no obligation to mail to the old address.

9. If mail is returned to the Notice and Claims Agent as undeliverable with a forwarding address, the Notice and Claims Agent shall re-mail the document to the new address and update its mailing database accordingly.

10. If mail is returned to the Notice and Claims Agent as undeliverable with no forwarding address, the Notice and Claims Agent is under no further obligation to mail any notices or other pleadings to that address.

11. The requirement under Rule 2002(d) for mailing the Notice of Commencement to all equity security holders is waived.

12. Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement to be published (i) once in the global edition of *The Wall Street Journal* and the national edition of *The New York Times*, and (ii) on the website of the Debtors' Notice and Claims Agent, at www.bordersreorganization.com.

13. The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: February 16, 2011
New York, New York

                                                   /s/ Arthur J. Gonzalez
                                                    ARTHUR J. GONZALEZ
                                       Chief United States Bankruptcy Judge