**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**BORDERS GROUP, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10614 (MG)<br><br>Jointly Administered |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363
(I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS
OF DISTRIBUTION NETWORK VENDORS AND OTHER LIEN CLAIMANTS,
AND (II) DIRECTING BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the Motion,[2] dated February 16, 2011, of Borders Group, Inc. ("BGI"), and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of the Bankruptcy Code requesting (i) authorization to pay certain Distribution Network Vendor Claims and Miscellaneous Lien Claims, and (ii) authorizing and directing Banks to honor related checks and electronic payment requests, and (iii) scheduling a final hearing (the "Final Hearing") to consider the relief requested on a final basis, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Interim Hearing"); and upon the record of the Interim Hearing and all of the proceedings had before the Court; and upon the First Day Declaration; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein on an interim basis.

2. The Debtors are authorized, but not directed, to make payments in the interim period of all valid, undisputed Distribution Network Vendor Claims that are past due or become due during the interim period and Miscellaneous Lien Claims, whether relating to the period prior to or after the Commencement Date, as the Debtors determine, in the exercise of their business judgment, to be necessary or appropriate to obtain the release of Retail Inventory or liens against real or personal property of the Debtors.

3. All applicable Banks are hereby authorized and directed, at the Debtors' instruction, to receive, honor, process, and pay, to the extent of funds on deposit, any and all checks or electronic transfers drawn on the Debtors' bank accounts relating to the Distribution Network Vendor Claims or Miscellaneous Lien Claims, including those checks or electronic transfers that have not cleared the Banks as of the Commencement Date.

4. The Debtors are authorized to replace any prepetition checks or electronic transfers relating to the Distribution Network Vendor Claims or Miscellaneous Lien Claims that may be dishonored or rejected.

5. The Debtors are authorized to pay Interstate Freight all prepetition accrued but unpaid service and administrative fees due to Interstate Freight, and to continue such payments to Interstate Freight in the ordinary course of the Debtors' business thereafter.

6. The Banks may rely on the representations of the Debtors as to which checks or electronic transfers are in payment of the Distribution Network Vendor Claims or Miscellaneous Lien Claims.

7. Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with, or relating to, the Distribution Network Vendor Claims or Miscellaneous Lien Claims.

8. Nothing contained in the Motion or this Order shall be deemed: (i) an assumption, adoption, authorization to assume, or rejection of any executory contract or agreement between the Debtors and any third party pursuant to section 365 of the Bankruptcy Code; (ii) a requirement that the Debtors make any of the payments authorized herein; or (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

9. The requirements of Bankruptcy Rule 6003(b) are satisfied.

10. The requirements of Bankruptcy Rule 6004(a) are waived.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on March 15, 2011 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Martin Glenn; and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242 and served upon the Notice Parties.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: February 16, 2011
      New York, New York

                                           /s/ Arthur J. Gonzalez
                                          ARTHUR J. GONZALEZ
                                  Chief United States Bankruptcy Judge