UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| BORDERS GROUP, INC., *et al.*,[1] | Case No. 11-10614 (MG) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a)
AND 503(b)(1) AUTHORIZING DEBTORS TO
HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS**

Upon the Motion[2], dated February 16, 2011, of Borders Group, Inc. ("BGI") and its debtor subsidiaries, including Borders, Inc., as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 503(b)(1) of the Bankruptcy Code, requesting authorization to (i) continue prepetition Customer Programs and (ii) honor their undisputed prepetition obligations thereunder in the ordinary course of business, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing to consider the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used herein, and not otherwise defined, shall have the meanings ascribed to them in the Motion.

requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, and upon the First Day Declaration, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 503(b)(1) of the Bankruptcy Code, the Debtors are authorized, but not obligated, to continue their Customer Programs in the ordinary course of their business in the same manner and on the same basis as the Debtors implemented and maintained the same prior to the commencement of these chapter 11 cases and pay and honor all obligations thereunder whether arising prior to or after the Commencement Date; provided, however, that the relief granted herein shall not constitute an approval or assumption of any Customer Program or related agreement or policy pursuant to section 365 of the Bankruptcy Code.

3. The Debtors are authorized, but not obligated, to pay all accrued but unpaid fees due to Processors, and to continue to pay Processors' fees in the ordinary course of business.

4. The Debtors are authorized, but not obligated, to pay all Chargeback obligations, and to continue to pay Chargebacks in the ordinary course of business.

5. The Debtors' Banks and all other applicable banks or financial institutions are authorized, consistent with the terms of any cash management order entered in these chapter 11 cases, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor, and pay all checks drawn or direct deposit and funds transfer instructions made relating to the

2

Debtors' accounts and any other transfers that are related to the Customer Programs and the costs and expenses incident thereto; provided, that sufficient funds are available in the accounts to make such payments; provided further, that (i) any such bank or financial institution may rely on the representations of the Debtors regarding which checks that were drawn or instructions that were issued by the Debtors before the Commencement Date should be honored postpetition pursuant to this Order and (ii) any such bank or financial institution shall not have any liability to any party for relying on the representations of the Debtors as provided herein.

6. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of prepetition obligations relating to the Customer Programs that were dishonored or rejected as a consequence of the commencement of these chapter 11 cases.

7. Nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Customer Programs.

8. Bankruptcy Rule 6003(b) has been satisfied.

9. The requirements of Bankruptcy Rule 6004(a) are hereby waived.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: February 16, 2011
New York, New York

    /s/ Arthur J. Gonzalez
ARTHUR J. GONZALEZ
Chief United States Bankruptcy Judge

3