**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**BORDERS GROUP, INC.,** *et al.*,<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 11-10614 (MG)**<br><br>**(Jointly Administered)** |

### ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKERS AND FINANCIAL ADVISORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon consideration of the application, dated February 16, 2011, (the "Application")[1] of Borders Group, Inc. and its debtor subsidiaries in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to employ and retain, *nunc pro tunc* to February 16, 2011, Jefferies & Company, Inc. ("Jefferies") as investment bankers and financial advisors; and upon the Declaration of Richard Klein (the "Klein Declaration"), a Senior Vice President of Jefferies, which was filed with the Court on February 16, 2011 as an exhibit to the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration, that (i) Jefferies does not hold or represent any interest adverse to the Debtors, (ii) Jefferies is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, (iii) neither Jefferies nor its professionals have any connection with the Debtors, their creditors or any other party in interest, and (iv) Jefferies' employment is necessary and in the best interest of the Debtors; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted in its entirety as set forth in this Order *nunc pro tunc* to the Commencement Date; and it is further

ORDERED that the Debtors are authorized to employ and retain Jefferies as their financial advisor and investment banker in accordance with the terms and conditions set forth in the Engagement Letter attached to this Order and incorporated by reference herein, and to pay fees to Jefferies on the terms and times specified in the Engagement Letter and as modified by this Order; and it is further

ORDERED that Jefferies is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges by Jefferies' counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise); and it is further

ORDERED that notwithstanding anything to the contrary in the Engagement Letter, Jefferies shall not seek the reimbursement of legal fees and expenses with respect to any

retention and/or fee application matters and, with respect to the reimbursement of any other legal fees and expenses, the United States Trustee's right to object to any other such legal fees and expenses on any grounds is hereby preserved; and it is further

ORDERED that notwithstanding anything to the contrary in the Engagement Letter, (a) Jefferies shall not be entitled to a Restructuring Fee and/or Liquidation Fee if a liquidation is conducted and consummated by a chapter 7 trustee and (b) Jefferies shall be entitled to a Liquidation Fee with respect to any sale or liquidation of assets (whether pursuant to a Chapter 11 plan, Section 363 of the Bankruptcy Code or otherwise) if, and only if, Jefferies ran a sale process with respect to such assets and/or marketed such assets or investment concerning such assets and/or otherwise provided material services in connection with the sale or liquidation of such assets; and it is further

ORDERED that Section 4(a) of the Engagement Letter is modified to provide that fifty percent of the Monthly Fees in excess of $600,000, as opposed to $1.2 million, actually paid to Jefferies shall be creditable once against any Restructuring Fee, but not the Liquidation Fee, if applicable, due to Jefferies; and it is further

ORDERED that Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the guidelines for the U.S. Trustee and any applicable orders of this Court; provided, however, that the fee applications filed by Jefferies shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code *provided,* however, that the U.S. Trustee alone shall be entitled to review applications for payment of compensation and reimbursement of expenses of Jefferies under the standards set forth in section 330 of the Bankruptcy Code; and further it is

ORDERED that Jefferies shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one half-hour increments; and further it is

ORDERED that Section 9(c)(i) of the Engagement Letter is hereby deemed deleted; and further it is

ORDERED that the indemnification provisions set forth in Schedule A of the Engagement Letter are approved, subject to the following:

(a) Subject to the provisions of subparagraphs (b), (c) and (d) below, the Debtors will be bound by the indemnification procedures of the Engagement Letter and shall indemnify the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with Jefferies' performance of the services described in the Engagement Letter;

(b) All requests by Indemnified Persons for the payment of indemnification pursuant to the Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and it is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall any Indemnified Persons be indemnified in the case of its own bad faith, self-dealing or breach of fiduciary duty (if any), gross negligence or willful misconduct;

(c) In no event shall any Indemnified Person be indemnified if the Debtors or a representative of the estates asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Person's own bad faith, self-dealing or

breach of fiduciary duty (if any), gross negligence or willful misconduct;

(d) If Jefferies or any Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Jefferies' own applications (interim or final as the case may be), and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(e) In the parenthetical at the end of both the second and third paragraphs, the words "except for willful misconduct" shall be deemed inserted at the end of the phrase in each parenthetical; and

(f) In the second sentence of the fifth paragraph, the words "except in the case of Jefferies gross negligence or willful misconduct" shall be deemed added; and

(g) In the first sentence of the sixth paragraph, the word "reasonable" shall be deemed included prior to the words "fees and expenses of counsel;" and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and further it is

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, or 9014; and further it is

ORDERED that the relief granted herein shall be binding upon any chapter 11 trustee

appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7; and further it is

ORDERED that to the extent that this Order is inconsistent with any prior order or pleading with in these cases, the terms of this Order shall govern; and further it is

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: March 16, 2011
 New York, New York


<u>       /s/Martin Glenn              </u>
MARTIN GLENN
United States Bankruptcy Judge