**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| BORDERS GROUP, INC., *et al.*,[1] | Case No. 11-10614 (MG) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
OF DJM REALTY SERVICES, LLC
AS REAL ESTATE CONSULTANT TO THE DEBTORS**

Upon consideration of the application, dated February 16, 2011 (the "Application"), of Borders Group, Inc. and its debtor subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to employ DJM Realty Services, LLC ("DJM") as real estate consultant to the Debtors; and upon the Declaration of Edward Zimmer (the "Zimmer Declaration"), Senior Managing Director of DJM, which was filed with the Court on February 16, 2011 as Exhibit B to the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration, that (i) DJM does not hold or represent any interest adverse to the Debtors, (ii) DJM is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, (iii) neither DJM nor its professionals have any connection with the Debtors, their creditors or any other party in interest, and (iv) DJM's employment is necessary and in the best interest of the Debtors; and the Court having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Debtors are hereby authorized to employ and retain, *nunc pro tunc* to February 16, 2011, DJM as real estate consultant to the Debtors on the terms set forth in the Application and this order, and it is further

ORDERED that DJM shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the United States Trustee ("U.S. Trustee"), and such other procedures that have been or may be fixed by order of this Court provided, however, that the fee applications filed by DJM shall be

subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code provided, further, however, that (i) only the U.S. Trustee and the Official Committee of Unsecured Creditors shall be entitled to review applications for payment of compensation and reimbursement of expenses of DJM under the standards set forth in section 330 of the Bankruptcy Code; and (ii) DJM will keep time records in one-half hour (0.5) increments; and it is further

ORDERED that DJM will apply any unused portion of the $100,000 monthly fee paid pre-Commencement Date first against all pre-petition fees and expenses and then against the first bill for fees and expenses that DJM will incur in this case; and it is further

ORDERED that DJM will apply fifty (50) percent of each $100,000 monthly fee paid post-Commencement Date as a credit against other fees earned pursuant to the Services Agreement, provided, however, that no such credit will be applied from the first four (4) $100,000 monthly fee payments received post-Commencement Date; and it is further

ORDERED that the indemnification provisions set forth in the Services Agreement are approved, subject to the following:

(a) Subject to the provisions of subparagraphs (b), (c) and (d) below, the Debtors will be bound by the indemnification procedures of the Services Agreement and shall indemnify the indemnified persons (as set forth in the Services Agreement) in accordance with the Services Agreement and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with DJM's performance of the services described in the Services Agreement;

(b) All requests by indemnified persons for the payment of indemnification pursuant to the Services Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Services Agreement and it is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall any indemnified persons be indemnified in the case of its own bad faith, self-dealing or breach of fiduciary duty (if any), gross negligence or willful misconduct;

(c) In no event shall any indemnified person be indemnified if the Debtors or a representative of the estates asserts a claim for, and the Court determines by final order that such claim arose out of, such indemnified person's own bad faith, self-dealing or breach of fiduciary duty (if any), gross negligence or willful misconduct; and

(d) If DJM or any indemnified person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Services Agreement, the invoices and supporting time records from such attorneys shall be included in DJM's own applications (interim or final as the case may be), and such invoices and time records shall be subject to the U.S. Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that if the Debtors and DJM agree that DJM should provide Additional Services (as described in the Services Agreement), DJM will provide two (2) business days notice by email of such agreement to the U.S. Trustee and Committee; and it is further

ORDERED that notwithstanding anything to the contrary in the Services Agreement, DJM shall not seek the reimbursement of legal fees and expenses with respect to any retention and/or fee application matters and, with respect to the reimbursement of any other legal fees and expenses, the U.S. Trustee's right to object to any other such legal fees and expenses on any grounds is hereby preserved.

Dated: March 16, 2011
      New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                           United States Bankruptcy Judge