**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| BORDERS GROUP, INC., *et al.*,[1] | Case No. 11-10614 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AP SERVICES, LLC AND DESIGNATING HOLLY FELDER ETLIN AS SENIOR VICE PRESIDENT OF RESTRUCTURING *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, as supplemented, (the "Application") of Borders Group, Inc. and its debtor subsidiaries in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to section 363 of the Bankruptcy Code,[2] (a) authorizing the Debtors to employ AP Services, LLC ("APS") as crisis managers to the Debtors to provide interim management and restructuring services and (b) designating Holly Felder Etlin as Senior Vice President of Restructuring to the Debtors, *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application and the Engagement Letter, as amended; and upon consideration of the Hiltz Declaration, the Declaration of Holly Felder Etlin (the "Etlin Declaration") and the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized, *nunc pro tunc* to the Commencement Date, to (i) employ APS on the terms set forth in the Engagement Letter as modified by this Order and (ii) designate Holly Felder Etlin as Senior Vice President - Restructuring ("SVPR") for the Debtors.

3. In a manner consistent with the Application, the Engagement Letter, the Hiltz Declaration, and the Etlin Declaration:

   (a) Ms. Etlin may serve as Debtors' SVPR, as provided in the Engagement Letter;

   (b) APS may render crisis management services to the Debtors;

   (c) APS may provide Temporary Employees to the Debtors to assist the Debtors in their restructuring efforts; and

   (d) Working collaboratively with the Debtors' senior management team, Boards of Directors and the Debtors' other professionals, Ms. Etlin and APS may assist the Debtors in evaluating and implementing strategic and tactical options through the restructuring process.

4. APS and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to any schedule of hourly rates contained in the Engagement Letter.

5. APS is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course of its business, all reasonable amounts invoiced by APS for fees and expenses.

6. With respect to the Success Fee provided for in Schedule 1 of the Engagement Letter, APS acknowledges, and the Engagement Letter is hereby modified to provide, that the Success Fee is subject to Court approval based on a reasonableness standard as provided in the Jay Alix Protocol.

7. APS shall submit to the Court, with copies to the United States Trustee ("U.S. Trustee") and all official committees contemporaneously with such filing, quarterly reports of compensation earned, and parties-in-interest in these chapter 11 cases shall have the right to object to fees paid and expenses reimbursed to APS within 20 days after APS files such reports.

8. APS shall file with the Court (and serve copies to the U.S. Trustee and all official committees contemporaneously with such filing) a report on staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event that an objection is filed.

9. Notwithstanding anything in the Application, the Hiltz Declaration, the Etlin Declaration or the Engagement Letter, the Debtors shall only indemnify those APS

employees serving as executive officers of the Debtors on the same terms as provided to the Debtors' other officers and directors under the Debtors' by-laws and applicable state law, along with insurance coverage under the Debtors' directors' and officers' insurance policies, and the indemnification provisions of the Engagement Letter shall not apply to APS.

10. Notwithstanding anything in the Application, the Hiltz Declaration, or the Etlin Declaration section 11 of the General Terms and Conditions attached to the Engagement Letter is hereby deleted in its entirety and shall be replaced by the following paragraph:

> **Limit of Liability.** Neither APS, AlixPartners nor its subsidiary affiliates nor their respective managing directors, officers or employees shall be liable to the Debtors or any party asserting claims on behalf of the Debtors except for actual, incidental, consequential or punitive damages found in a final judicial determination to be the direct result of the gross negligence, bad faith, self-dealing or intentional misconduct of APS or AlixPartners. This provision shall be limited in its application by any applicable state law governing the exculpation of executive officers.

11. Notwithstanding the provisions related to the potential arbitration of disputes contained in the Engagement Letter, the Bankruptcy Court shall retain jurisdiction to resolve all disputes.

12. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter or this Order, the terms of this Order shall govern.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       March 16, 2011

                                              **/s/Martin Glenn**
                                                MARTIN GLENN
                                      United States Bankruptcy Judge