UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| BORDERS GROUP, INC., *et al.*,[1] | Case No. 11-10614 (MG) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(a)(3)
AND 541 ESTABLISHING (I) CERTAIN PROPOSED
NOTIFICATION PROCEDURES AND (II) RESTRICTIONS ON
CERTAIN TRANSFERS OF CLAIMS AND EQUITY INTERESTS
EFFECTIVE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Upon the Motion,[2] dated February 16, 2011, of Borders Group, Inc. ("BGI") and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 362, and 541 of the Bankruptcy Code, seeking authority to establish notification procedures and approve restrictions on certain transfers of certain interests and claims, as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having held an interim hearing (the "Interim Hearing") on the Motion and having entered an interim order (the "Interim Order") thereafter; and the Court having held a final hearing on the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used herein, and not otherwise defined, shall have the meanings ascribed to them in the Motion.

Motion (the "Final Hearing"); and due and proper notice of the Motion, the Interim Order, and the Final Hearing having been provided to the Notice Parties including the attorneys to the official creditors committee, and it appearing that no further notice need be provided; and upon the record of the Interim Hearing, the Final Hearing, and all of the proceedings had before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all other parties in interest; the Debtors have provided due and proper notice of the Motion and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; IT IS HEREBY FOUND THAT:

1. The Motion is granted on a final basis as provided herein.

2. The provisions of this Final Order shall be effective, *nunc pro tunc*, to the date of the Motion.

3. Any acquisition, disposition, or other transfer in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code. For purposes of this Final Order, any trades made before the entry of the Interim Order shall not be subject to this Final Order.

4. The following procedures and restrictions shall apply to trading in Borders Stock and Claims and are approved:

**Borders Stock Ownership, Acquisition, and Disposition**

      a. Notice of Substantial Borders Stock Ownership. Any person or Entity (as defined herein) that beneficially owns, at any time on or after the Motion Date, Borders Stock in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined herein) shall file with the Court, and serve upon the Debtors and attorneys for the Debtors, a Notice of Substantial Stock Ownership (a "Substantial Equity Ownership Notice"), in the form annexed to the Motion as Exhibit E, which describes

2

specifically and in detail the Borders Stock ownership of such person or Entity, on or before the date that is the later of: (a) ten (10) business days after the entry of this Order, and (b) ten (10) business days after that person or Entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Equity Ownership Notice to be filed with the Court (but not such notice served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Borders Stock that such holder beneficially owns.

b. <u>Acquisition of Borders Stock or Options.</u> At least twenty (20) business days prior to the proposed date of any transfer of equity securities (including Options, as hereinafter defined, to acquire such securities) that would result in an increase in the amount of Borders Stock beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, Entity, or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtors and the attorneys for the Debtors, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Borders Stock (an "<u>Equity Acquisition Notice</u>"), in the form annexed to the Motion as <u>Exhibit F</u>, which describes specifically and in detail the proposed transaction in which Borders Stock is to be acquired. At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude such holder's taxpayer identification number and the number of shares of Borders Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

c. <u>Disposition of Borders Stock or Options.</u> At least twenty (20) business days prior to the proposed date of any transfer or other disposition of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Borders Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>," and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, Entity, or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors and the attorneys for the Debtors, a Notice of Intent to Dispose of Borders Stock (an "<u>Equity Disposition Notice</u>," and together with an Equity Acquisition Notice, an "<u>Equity Trading Notice</u>"), in the form annexed to the Motion as <u>Exhibit G</u>, which describes specifically and in detail the proposed transaction in which Borders Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors and the attorneys for the Debtors) may be redacted to

    exclude such holder's taxpayer identification number and the number of shares of Borders Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

  d. <u>Objection Procedures.</u> The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "<u>Equity Objection Deadline</u>") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

    (i) If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

    (ii) If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

    (iii) Any further Proposed Equity Transaction must be the subject of additional notices and the prescribed waiting period as set forth above.

  e. <u>Unauthorized Transactions in Borders Stock or Options.</u> Effective as of the date of the filing of the Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of equity securities (including Options to acquire such securities) of the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

  f. <u>Definitions.</u>

    (i) <u>Substantial Equityholder.</u> A "Substantial Equityholder" is any person or Entity that beneficially owns 3,243,253.95 or more shares of the common stock of Borders Group, Inc. ("<u>Borders</u>

4

        Stock") (representing approximately 4.5% of the number of shares of such stock issued and outstanding).[3]

    (ii) <u>Beneficial Ownership.</u> "Beneficial ownership" (or any variation thereof) of Borders Stock or Options to acquire Borders Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (a) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all Borders Stock or Options to acquire Borders Stock owned or acquired by its subsidiaries), (b) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of Borders Stock or Options to acquire Borders Stock, and (c) in certain cases, the creation or issuance of an Option or ownership of an Option to acquire Borders Stock.

    (iii) <u>Option.</u> An "Option" to acquire Borders Stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Borders Stock may be treated as the owner of such Borders Stock.

    (iv) <u>Entity.</u> "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

g. <u>Non-Compliance with the Trading Procedures</u>.

    (i) Any purchase, sale, or other transfer of Borders Stock in violation of the procedures set forth herein shall be null and void and shall confer no rights on the transferee.

h. <u>Debtors' Right to Waive</u>.

    (i) The Debtors may waive, in writing, any and all restrictions, stays and notification procedures contained in the Motion.

---

[3] Based on a total of 72,072,310 shares of Borders Stock issued and outstanding as of December 6, 2010.

5

**Procedures for Transfers of Claims**

    a.    <u>Notice of Substantial Claim Ownership.</u>  Any person or Entity (as defined herein) that beneficially owns, at any time on or after the Motion Date, a claim against any Debtor (a "<u>Claim</u>") in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as hereinafter defined) shall file with the Court, and serve upon the Debtors and attorneys for the Debtors, a notice of such status (a "<u>Substantial Claim Ownership Notice</u>"), in the form annexed to the Motion as <u>Exhibit H</u>, which describes specifically and in detail the Claim holdings of such person or Entity, on or before the date that is the later of: (a) ten (10) business days after the entry of this Order, and (b) ten (10) business days after that person or Entity qualifies as a Substantial Claimholder.  At the holder's election, the Substantial Claim Ownership Notice that is filed with the Court (but not such notice served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude such holder's taxpayer identification number.

    b.    <u>Acquisition of Claims.</u>  At least twenty (20) business days prior to the proposed date of any transfer of Claims that would result in an increase in the amount of aggregate Claims beneficially owned by any person or Entity that currently is or subsequently becomes a Substantial Claimholder or that would result in a person or Entity becoming a Substantial Claimholder (a "<u>Proposed Claim Acquisition Transaction</u>"), such person, Entity, or Substantial Claimholder (a "<u>Proposed Claim Transferee</u>") shall file with the Court, and serve upon the Debtors and the attorneys for the Debtors, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "<u>Claim Acquisition Notice</u>"), in the form annexed to the Motion as <u>Exhibit I</u>, which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.  At the holder's election, the Claim Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude such holder's taxpayer identification number.

    c.    <u>Disposition of Claims.</u>  At least twenty (20) business days prior to the proposed date of any transfer of Claims that would result in a decrease in the amount of aggregate Claims beneficially owned by a Substantial Claimholder or that would result in a person or Entity ceasing to be a Substantial Claimholder (a "<u>Proposed Claim Disposition Transaction</u>," and together with a Proposed Claim Acquisition Transaction, a "<u>Proposed Claim Transaction</u>"), such person, Entity, or Substantial Claimholder (a "<u>Proposed Claim Transferor</u>") shall file with the Court, and serve upon the Debtors and the attorneys for the Debtors, a Notice of Intent to Dispose of Claims (a "<u>Claim Disposition Notice</u>," and together with a Claim Acquisition Notice, a "<u>Claim Trading Notice</u>"), in the form annexed to the Motion as <u>Exhibit J</u>, which describes specifically and in detail the

        proposed transaction in which Claims would be transferred, regardless of whether such transfer would be subject to the filing, notice and hearing requirements of Bankruptcy Rule 3001.  At the holder's election, the Claim Disposition Notice that is filed with the Court (but not such notice served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude such holder's taxpayer identification number.

d.    <u>Objection Procedures.</u>  The Debtors shall have fifteen (15) business days after the filing of a Claim Trading Notice (the "<u>Claim Trading Objection Deadline</u>") to file with the Court and serve on a Proposed Claim Transferee or a Proposed Claim Transferor, as the case may be, an objection to any proposed transfer of Claims described in such Claim Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (a "<u>Claim Trading Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

    (i)    If the Debtors file a Claim Trading Objection by the Claim Trading Objection Deadline, then the Proposed Claim Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

    (ii)    If the Debtors do not file a Claim Trading Objection by the Claim Trading Objection Deadline, or if the Debtors provide written authorization to the Proposed Claim Transferee or the Proposed Claim Transferor, as the case may be, approving the Proposed Claim Transaction, prior to the Claim Trading Objection Deadline, then such Proposed Claim Transaction may proceed solely as specifically described in the Claim Trading Notice.

    (iii)    Any further Proposed Claim Transaction must be the subject of additional notices and the prescribed waiting period as set forth above.

e.    <u>Unauthorized Transfers of Claims.</u>  Effective as of the date of the filing of the Motion and until further order of the Court to the contrary, any acquisition, disposition, or other transfer of Claims in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

    f.  <u>Definitions</u>.

      (i)  <u>Substantial Claimholder.</u>  A "Substantial Claimholder" is any person or Entity that beneficially owns an aggregate amount of Claims of at least $15,300,000.00.[4]

      (ii)  <u>Beneficial Ownership.</u>  "Beneficial ownership" (or any variation thereof) of Claims shall be determined in accordance with applicable rules under section 382 of the Tax Code and the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder, and rulings issued by the Internal Revenue Service, but applying such rules to determine the ownership of Claims rather than stock.

      (iii)  <u>Entity.</u>  "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

    g.  <u>Non-Compliance with the Trading Procedures</u>.

      (i)  Any purchase, sale, or other transfer of Claims in violation of the procedures set forth herein shall be null and void and shall confer no rights on the transferee.

    h.  <u>Debtors' Right to Waive</u>.

      (i)  The Debtors may waive, in writing, any and all restrictions, stays and notification procedures contained in the Motion.

  5.  The Debtors shall provide counsel to the official creditors committee with copies of any notices required by the foregoing procedures, as well as with notice of any decisions made by the Debtors to waive restrictions, stays and notifications, within three (3) business days of such receipt or decision, as applicable.

  6.  Any person or Entity acquiring and/or disposing of Borders Stock or Claims in violation of the restrictions set forth herein, or failing to comply with the "Substantial Equity Ownership Notice," "Equity Acquisition Notice," "Equity Disposition Notice," "Substantial

---

[4] Based upon a preliminary analysis, this is the lowest amount the Debtors reasonably expect to lead to a distribution of 4.5% of the BGI stock, as reorganized under a chapter 11 plan.

8

Claim Ownership Notice," "Claim Acquisition Notice," or "Claim Disposition Notice" requirements, as may be the case, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

7. The notices substantially in the form annexed to the Motion as Exhibits E, F, G, H, I and J are approved on a final basis.

8. The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order.

9. The Debtors shall serve notice of the entry of this Final Order substantially in the form annexed to the Motion as Exhibit B describing the authorized restrictions and notification requirements to: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Tracy Davis, Esq. and Linda Riffkin, Esq.); (ii) Lowenstein Sandler PC, counsel for the official committee of unsecured creditors (Attn: Bruce D. Buechler, Esq., Bruce S. Nathan, Esq., and Paul Kizel, Esq.); (iii) counsel for the DIP Agents: (x) Morgan, Lewis & Bockius LLP (Attn: Wendy Walker, Esq. and Sandra Vrejan, Esq.), counsel for the Working Capital Agent, and (y) Riemer & Braunstein LLP (Attn: Donald E. Rothman, Esq.), counsel for GA Capital LLC; (iv) Kelley Drye & Warren LLP, attorneys for certain landlords (Attn: James S. Carr, Esq., Robert L. LeHane, Esq., and Benjamin D. Feder, Esq.); (v) Fried, Frank, Harris, Shriver & Jacobson LLP, attorneys for General Growth Properties, Inc. (Attn: Brad Eric Scheler, Esq.); (vi) Bingham McCutchen LLP, attorneys for Bank of America, N.A. (Attn: Julia Frost-Davies, Esq. and Andrew Gallo, Esq.); (vii) any person who has filed Schedule 13D or Schedule 13G with the SEC since January 1, 2010 with regard to the beneficial ownership of Borders Stock; (viii) any record holder of Borders Stock or, in the case of persons or entities holding Borders Stock in

"street name" through a nominee holder, to that nominee holder or the designated mailing agent for that nominee holder (together with instructions to serve the Final Procedures Notice to the beneficial holders serviced by said nominee or its designated mailing agent); (ix) the Securities and Exchange Commission; and (x) the Internal Revenue Service (collectively, the "<u>Notice Parties</u>").  Within three (3) business days of receipt of the Final Procedures Notice, any nominee holders or their designated mailing agent shall either provide the Debtors' official claims and noticing agent, The Garden City Group, Inc., with the last known names and addresses of their clients who are beneficial owners of Borders Stock (who will in turn mail the Final Procedures Notice to the beneficial owners so identified), or send the Final Procedures Notice to all beneficial holders of Borders Stock known to the nominee holder or its designated agent.  Upon receipt of a proper invoice, the Debtors shall reimburse the nominee holder or its designated mailing agent the cost of mailing the Final Procedures Notice.

10.     The Debtors shall post the Final Procedures Notice on their case administration website hosted by The Garden City Group, Inc. at www.bordersreorganization.com. Additionally, the Debtors shall submit a notice of the entry of this Final Order for publication on the Bloomberg newswire service and arrange for publication of such notice in national editions of The Wall Street Journal and The New York Times.

11.     Nothing herein shall preclude any person or Entity desirous of acquiring or disposing of any claim or interest from requesting relief from this Final Order in this Court subject to the Debtors' rights to oppose such relief.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

13. The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith.

14. The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve and maximize the value of the Debtors' Tax Attributes. Accordingly, except to the extent the Final Order expressly conditions or restricts trading in interests in or claims against the Debtors, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in or claims against the Debtors, including in connection with the treatment of any such interests or claims under any plan.

15. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order.

March 16, 2011
New York, New York

                                                                                             /s/Martin Glenn              
MARTIN GLENN
United States Bankruptcy Judge