**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **BORDERS GROUP, INC.,** *et al.*,[1] | Case No. 11-10614 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE
DEBTORS PURSUANT TO SECTIONS 327(a) AND 1107 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a), AND LOCAL
BANKRUPTCY RULE 2014-1, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application,[2] dated March 24, 2011, of Borders Group, Inc. ("BGI") and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for an order authorizing the employment and retention of Mercer (US) Inc. ("Mercer") as compensation consultant to the Debtors pursuant to sections 327(a) and 1107 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, *nunc pro tunc* to February 16, 2011, as more fully described in the Application; and upon consideration of the Application and all pleadings related thereto, including the Engagement Letter filed as Exhibit B to the Application and the Engagement Letter filed on March 29, 2011 (the "November Engagement Letter," and collectively with the letter dated February 1, 2011, attached as Exhibit B to the Application, the "Engagement Letters") and the Declaration of John Dempsey (the "Dempsey Declaration"); and the Court having jurisdiction to consider the Application and the relief

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used herein, and not otherwise defined, shall have the meanings ascribed to them in the Application.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, and creditors, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that Mercer neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters on which Mercer is to be employed and is a "disinterested person" as required by section 327(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Application is granted as set forth herein.

2. The retention and employment of Mercer as compensation consultant to the Debtors pursuant to section 327(a) of the Bankruptcy Code, on the terms set forth in this Order, the Application, the Engagement Letters and the Dempsey Declaration, is hereby approved *nunc pro tunc* to the Petition Date.

3. Subject to the terms of this Order, the Engagement Letters are approved.

4. Mercer shall be compensated for the services contemplated in the Application in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the Office of the United States Trustee, and any applicable orders of this Court; provided, however, that a limited waiver of the information requirements of General Order M-389 and the guidelines established by the Office of the United States Trustee is granted such that Mercer may submit time records in a summary format which shall set forth a description of the services rendered by each professional and the amount of time in quarter hour increments spent on each date by each such individual in rendering services on behalf of the Debtors.

5. Notwithstanding anything contained in the Engagement Letters or Statements of Work or otherwise, in no event shall Mercer or the Indemnified Persons (as defined in the Engagement Letters) be indemnified in connection with the services contemplated in the Application if the Debtors or a representative of their estates assert a claim for, and the Court determines by final order that such claim arose out of, Mercer's own negligence, gross negligence, bad faith, self-dealing, breach of fiduciary duty (if any), knowingly engaging in willful misconduct, or fraud.

6. All requests by Mercer for the payment of indemnification in connection with the services contemplated in the Application pursuant to the Engagement Letters, Statements of Work or otherwise shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letters and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Mercer be indemnified in the case of its own negligence, gross negligence, bad faith, self-dealing, breach of fiduciary duty (if any), knowingly engaging in willful misconduct, or fraud.

7. Nothing contained in the Engagement Letters shall undermine or otherwise affect the requirement for Mercer to at all times be disinterested pursuant to section 327 of the Bankruptcy Code.

8. The Debtors shall file with the Court and provide counsel to the Official Committee of Unsecured Creditors (the "Committee") with additional Statements of Work (each, an "Additional SOW"), as referred to in footnote 2 of the Application, and the Committee shall have five (5) business days to object (the "Notice Period") to such additional Statements of Work. In the event the Committee notifies counsel for the Debtors that it objects to any Additional SOW within the Notice Period, the Debtors shall not be authorized to employ Mercer for the services covered by the Additional SOW unless the Court approves the Additional SOW or the Committee withdraws the objection. Any Committee objections to an Additional SOW shall be heard at the Debtors' next scheduled omnibus hearing, or at an alternative time requested by the Debtors, subject to Court availability.

9. Mercer shall limit its request for fees relating to the services performed under the Statement of Work dated March 7, 2011, annexed to the Application as Exhibit D, to no more than $22,000, subject to the Debtors' and Mercer's ability to enter into Additional SOWs and the Committee's right to object thereto, as set forth above.

10. The Committee shall be permitted to participate in the dispute resolution procedures described in item 6 of the "Terms and Conditions Governing Engagement" set forth in the November Engagement Letter, with respect to any dispute arising in connection with the services contemplated in the Application.

11. Notwithstanding anything contained in the Engagement Letters or Statements of Work or otherwise, the limitation of liability provision set forth as item 7 of the "Terms and

Conditions Governing Engagement" in the November Engagement Letter shall not apply with respect to the services contemplated by the Application during Mercer's engagement in these cases.

12. If Mercer's rates, as set forth in the Application, are adjusted, Mercer will file notice of such changes.

13. The United States Trustee and Committee shall retain all rights to object to Mercer's fees and expenses.

14. The Court shall retain exclusive jurisdiction over disputes arising from and related to Mercer's retention by the Debtors in these cases, so long as the Court retains subject matter jurisdiction over any such dispute.

Dated: April 7, 2011
      New York, New York

                                      **/s/Martin Glenn**
                                        MARTIN GLENN
                              United States Bankruptcy Judge