DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 (telephone)
Ragan L. Powers (*admitted pro hac vice*)
Hugh R. McCullough

*Attorneys for Seattle's Best Coffee LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BORDERS GROUP, INC., *et al.*, | : | Case No. 11-10614 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------- x

## OBJECTION OF SEATTLE'S BEST COFFEE LLC TO
## DEBTORS' MOTION TO REJECT MASTER LICENSING AGREEMENT [*]

Seattle's Best Coffee LLC ("<u>SBC</u>") hereby objects to the motion of Borders, Inc.

("<u>Borders</u>") and its affiliated debtors (collectively, the "<u>Debtors</u>") pursuant to sections 105,

365(a), and 554(a) to reject the Master Licensing Agreement with SBC (the "<u>Motion</u>").

## I.    INTRODUCTION

1.    SBC and Borders are parties to a Master Licensing Agreement (the "<u>MLA</u>") that

authorizes Borders to operate SBC-branded premium cafes consistent with SBC's high standards

of quality and customer service.  SBC understands that Borders can, in the exercise of its

business judgment and subject to Court approval, reject the MLA.  However, SBC does not agree

with Borders' stated business rationale for rejection.[1]

---

[1] SBC disagrees that the financial terms of the MLA are "excessive".  Generally speaking, SBC's terms are
competitive with comparable industry licensed/franchised arrangements.  Moreover, contrary to Borders' allegation
that it lacked flexibility in food sourcing, Borders has always had the right under the MLA to procure food and other

[*] This objection is being filed in a redacted form at the instructions of the Court in connection with the Debtors' pending motion to seal.

2.       Borders and SBC disagree on the consequences of rejection.  Borders is not entitled to both terminate the MLA <u>and</u> continue to use SBC's trademarks, trade dress, products, copyrights, trade secrets and other intellectual property, i.e., SBC's "brand," in the operation of the cafes.  This is particularly so in light of Borders' failure to articulate a clear alternative plan; the Motion says only that Borders will either open and operate cafes on its own or use another provider to do so.  As a practical matter, SBC does not want the brand it has worked hard to develop used to promote a different and likely inferior product offering.

3.       Neither the Bankruptcy Code nor applicable non-bankruptcy law permit Borders to continue using SBC's brand post-rejection for any purpose, whether it be continuing operation of the existing cafes or opening new ones.  Just like the 225 stores closed by Borders (the leases of which were rejected), Borders' right to use SBC's brand under the MLA should cease on the effective date of rejection of the MLA.  That is particularly true here, where Borders says it intends to turn the existing SBC-branded cafes into its own cafes (i.e., become a competitor of SBC), or alternatively turn them over to one of SBC's competitors.

4.       The MLA requires Borders to "de-identify" the cafes as SBC-branded cafes in the event of termination of the MLA.  These provisions protect SBC's trademarks, trade dress, copyrights, trade secrets, other intellectual property (all of which are protected under federal and/or state law), and the integrity of its franchised cafe business model, and are enforceable inside or outside of bankruptcy under applicable law, including the Lanham Act.  The Motion glosses over the issue, suggesting that Borders should be permitted to infringe SBC's trademarks for 45 days post-rejection, and by omission, other SBC rights indefinitely.

---

products from other sources, subject only to SBC's approval as to quality.  SBC does not believe that Borders will ultimately save money by rejecting the MLA and believes Borders' decision to reject is ill-advised.

DWT 16908393v11 0024663-002488

5.      Any order authorizing rejection of the MLA should therefore (i) require Borders' to comply with the MLA's provisions governing de-identification, (ii) require compliance with the MLA pending rejection (including maintenance of product and service standards and payment of royalties),[2] and (iii) provide that rejection of the MLA shall only be effective upon completion by Borders of the required de-identification process.  The Court's order should also confirm that SBC's enforcement of its post-rejection rights under the MLA is <u>not</u> subject to the automatic stay of section 362 of the Bankruptcy Code, and that SBC is <u>not</u> required to ship products to Borders after rejection.

6.      SBC is entitled to this relief for three reasons.  First**,** post-termination use of SBC's brand would violate state and federal law.  For example, any post-termination use of SBC trademarks and trade dress would violate the Lanham Act.  Second, the MLA's de-identification provisions are enforceable independent of the Lanham Act.  Similar to non-competition clauses in other contracts, SBC's right to ensure that Borders does not use the SBC brand to compete with SBC is not a dischargeable "claim" in bankruptcy; it is enforceable post-petition and post-rejection.  Third, enforcement of SBC's rights post-rejection is not subject to the automatic stay.

## II.      FACTS





DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



12



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



DWT 16908393v11 0024663-002488



16



17



18

## IV.    CONCLUSION

50.    SBC respectfully requests the Court to condition Borders' rejection of the MLA on compliance by Borders with the de-identification non-competition provisions in the MLA.  A proposed form of order is attached.

Dated: Seattle, Washington
         May 26, 2011

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:    ___/s/ Hugh R. McCullough_____
         Ragan L. Powers
         Hugh R. McCullough

*Attorneys for Seattle's Best Coffee LLC*

1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 (telephone)
(206) 757-7189 (facsimile)
*raganpowers@dwt.com*
*hughmccullough@dwt.com*

DWT 16908393v11 0024663-002488