**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**BORDERS GROUP, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10614 (MG)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER BETWEEN BORDERS
GROUP, INC. AND BANK OF AMERICA, N.A.**

WHEREAS, on February 16, 2011 (the "Commencement Date"), the above-captioned debtors and debtors-in-possession ("Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on or about August 16, 2001, Borders Group, Inc. and Bank of America, N.A. ("BofA"), successor to Merrill Lynch Trust Company, FSB, as trustee, entered into that certain *Borders Group, Inc. Non-Qualified Deferred Compensation Plan Trust Agreement* (the "Trust Agreement"), creating a trust (the "Trust") that would remain property of the Debtors.

WHEREAS, on the Commencement Date, the Debtors filed their *Motion To Authorize The Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a), 363(b) And 507 And Fed . R. Bankr, P. 6003 And 6004 For Authorization To (I) Pay Certain Employee Obligations And Maintain And Continue Employee Benefits And Programs And (II) For Banks To Honor And Process Checks And Transfers Related To Such Obligations* (the "Employee Benefits Motion") [Docket No. 12].

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

WHEREAS, pursuant to the Employee Benefits Motion, the Debtors sought entry of an order by this Court authorizing, among other things, the continuance of their Non-Qualified Deferred Compensation Plan (the "Deferred Compensation Plan").

WHEREAS, on February 17, 2011, the Court entered its *Interim Order Authorizing Debtors To (I) Pay Certain Employee Obligations And Maintain And Continue Employee Benefits And Programs And (II) For Banks To Honor And Process Checks And Transfers Related To Such Obligations* (the "Interim Benefits Order") [Docket No. 83], approving the Employee Benefits Motion on an interim basis.

WHEREAS, on March 16, 2011, the Court entered its *Final Order Granting Motion For Authorization To (I) Pay Certain Employee Obligations And Maintain And Continue Employee Benefits And Programs And (II) For Banks To Honor And Process Checks And Transfers Related To Such Obligations* (the " Final Benefits Order") [Docket No. 400] approving the Employee Benefits Motion and Interim Benefits Order on a final basis.

WHEREAS, BofA requested that the Debtors seek entry of an order providing authorization, direction and certain protections to BofA, as trustee, in order for BofA to continue to perform under the Trust Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:

1. The Debtors and BofA are authorized and directed to continue to administer and otherwise perform under the Trust Agreement and the Deferred Compensation Plan, including, but not limited to, the distribution of funds to Plan Participants in the ordinary course or upon

plan termination pursuant to the Deferred Compensation Plan, IRS Code Section 409A and the Trust Agreement.

2. The Debtors and BofA are authorized and directed to pay or otherwise honor all obligations to Plan Participants incurred under or related to the Deferred Compensation Plan and the Trust Agreement that (i) were or are due and payable and relate to the period prior to the Commencement Date and (ii) are or become due and payable or relate to the period after the Commencement Date, in all cases, without further order of the Court.

3. The Debtors are authorized, but not directed, to pay any and all costs and other obligations owing to BofA in connection with the Deferred Compensation Plan and the Trust Agreement that may have been outstanding as of the Commencement Date, and to continue so paying, in the ordinary course of business.

4. Neither this Stipulated Order, nor any payments made by the Debtors pursuant to the Motion or this Stipulated Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employee or Plan Participant, including without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

5. The Trust Agreement, including but not limited to, the indemnification provisions set forth in Section 9(b) of the Trust Agreement are hereby approved and enforceable against the Debtors' estates and BofA, as set forth herein.

6. The assets in the Trust, which are in excess of current payment obligations under the Deferred Compensation Plan shall continue to be held in the Trust to satisfy any further liabilities existing or incurred under the Deferred Compensation Plan until such time as all liabilities have been satisfied or the Deferred Compensation Plan is terminated.

7. Nothing contained in this Stipulated Order shall be deemed to constitute the assumption or rejection of the Trust Agreement under section 365 of the Bankruptcy Code, and all of the Debtors' rights are reserved.

8. Notwithstanding any provision in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Stipulated Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under or contemplated by this Stipulated Order.

9. The requirements of Bankruptcy Rule 6004(a) are satisfied.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Stipulated Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Stipulated Order.

The undersigned, on behalf of their respective clients, hereby agree to the form, substance and entry of this Stipulated Order:

        KASOWITZ, BENSON, TORRES
         & FRIEDMAN LLP

        By:s/ Andrew K. Glenn
        David M. Friedman
        Andrew K. Glenn
        Jeffrey R. Gleit
        1633 Broadway
        New York, New York 10019
        *Attorneys for Debtors*
        *and Debtors in Possession*

BANK OF AMERICA MERRILL LYNCH

By: s/ Michael LaMaina

Michael LaMaina
Assistant General Counsel

*Bank of America Merrill Lynch*
2 World Financial Center, 38th Floor
South Tower
New York, NY 10281

DATED: June 2, 2011
New York, New York

      **/s/Martin Glenn**
      MARTIN GLENN
United States Bankruptcy Judge