**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**BORDERS GROUP, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10614 (MG)<br><br>(Jointly Administered) |

### ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. § 365(a) AND RULES 6006 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO REJECT MASTER LICENSING AGREEMENT WITH SEATTLE'S BEST COFFEE, LLC

Upon the Motion,[2] dated May 19, 2011, of Borders Group, Inc. and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to section 365(a) of the Bankruptcy Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the rejection of the Licensing Agreement, as more fully described in the Motion; and upon (i) the objection thereto of Seattle's Best Coffee, LLC, and (ii) the limited objection thereto of Bunn-O-Matic Corporation (collectively, the "Objections"); and upon the Debtors' reply to the Objections (the "Reply"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms used herein, and not otherwise defined, shall have the meanings ascribed to them in the Motion.

1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing on June 2, 2011 to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Debtors' rejection of the Licensing Agreement is approved, effective as of the date (the "Effective Date") the Debtors complete de-branding all of their SBC Stores and file a notice with the Court advising parties of the same, provided, however, that the Effective Date shall occur on or before July 31, 2011, and SBC shall not be required to ship goods and/or provide services to the Debtors after June 30, 2011.

3. The Debtors shall continue to make royalty payments to SBC in accordance with the Licensing Agreement on a pro-rated, location-by-location basis through the Effective Date.

4. SBC shall file its proof of claim for damages arising from rejection of the Licensing Agreement on or before the date that is forty-five (45) days after the Effective Date, or shall be forever barred from doing so, in accordance with the bar date order entered in these cases.

5. Nothing in this Order shall prejudice any of SBC's rights under any applicable federal or state laws, including but not limited to with respect to whether the Debtors have properly or completely de-branded the SBC Stores.

6. Unless otherwise agreed to in writing by the Debtors and the Official Committee of Unsecured Creditors appointed in these cases, any contract or agreement that the Debtors enter into for the supply of food, coffee, paper goods, or training personnel, or as otherwise related to the ongoing operations of the Debtors' cafés, shall (i) permit the Debtors to terminate said contract or agreement on no more than thirty (30) days' notice and (ii) provide that the Debtors' exercise of their right to terminate shall not be deemed a default and neither party shall have any claims for damages resulting from the exercise of such termination right.

7. The Debtors are authorized to take such actions as are necessary to implement and effectuate the terms of this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 3, 2011
New York, New York

       **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge