**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **BORDERS GROUP, INC.,** *et al.*,[1] | Case No. 11-10614 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363,
364 AND 507 AUTHORIZING DEBTORS TO ENTER INTO SECOND
AMENDMENT TO DEBTOR IN POSSESSION CREDIT AGREEMENT**

Upon the motion (the "Motion") dated June 16, 2011, of Borders Group, Inc. ("BGI") and its debtor subsidiaries, including Borders, Inc., as debtors and debtors in possession (collectively, the "Debtors"), for an order authorizing the Debtors to enter into the Second Amendment to Senior Secured, Super-Priority Post-Petition Credit Agreement (the "Motion"),[2] a copy of which is attached to the Motion as Exhibit B (the "Second Amendment"); and this Court previously having entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1) Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, and (5) Modifying Automatic Stay,* dated March 16, 2011 [Docket No. 404] (the "Final DIP Order"), authorizing the Debtors to enter into that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996); and BGP (UK) Limited.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to the Court and to parties in interest and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon the Court having found that a sound business purpose exists for the Debtors to enter into the Second Amendment which was negotiated at arm's-length and in good faith; and the Debtors having provided due and proper notice of the Motion and Hearing and no further notice being necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted, and all objections, if any, to the Motion heretofore not withdrawn or resolved are overruled on the merits in all respects.

2. The Second Amendment, substantially in the form annexed as Exhibit B to the Motion, is approved in all respects, and the Debtors are authorized to enter into the Second Amendment and to perform all acts, to make, execute and deliver all instruments and documents in connection therewith that may be reasonably required, necessary, or requested by the DIP Agents, including, without limitation, the payment of the Amendment Fee. Upon execution and delivery of the Second Amendment, the Second Amendment and the obligations thereunder

shall constitute legal, valid and binding obligations of the Debtors enforceable in accordance with its terms.

3. Except to the extent modified by the Second Amendment or this Order, each of the DIP Credit Agreement and Final DIP Order shall remain in full force and effect

4. The Debtors shall, contemporaneously with the delivery thereof to the DIP Agents, deliver to the Committee copies of all reports, certificates, notices and other documentation required to be delivered by the Debtors to the DIP Agents pursuant to the DIP Loan Documents, including the appraisal referenced in section 5 of the Second Amendment, <u>provided</u>, <u>however</u>, that (i) nothing in this paragraph 4 shall obligate any DIP Secured Parties to deliver copies of any such reports, certificates, notices and other documentation to the Committee, and (ii) the Committee shall not be entitled to copies of any reports or other materials prepared internally by any DIP Secured Party or by any professionals retained by any DIP Secured Party, including, without limitation, any attorneys, accountants, appraisers or financial advisors.

5. The Second Amendment has been negotiated in good faith and at arms' length between the Debtors, the DIP Agents and the DIP Lenders, and all of the Debtors' obligations under the Second Amendment have been incurred in good faith as that term is used in section 364(e) of the Bankruptcy Code.

6. To the extent the Debtors are permitted, under the terms of the Second Amendment, to exclude their intellectual property assets and interests in leases in or from a Sale Transaction, the Debtors shall include those assets in a Sale Transaction only after consultation (the "<u>Consultation</u>") with the Committee and the Committee reserves its rights to object to the Debtors' inclusion of those assets in a Sale Transaction in the event the Debtors seek to include

them after the Consultation.

7. Notwithstanding Bankruptcy Rule 6004(h) or other applicable law, the terms and conditions of this Order shall take effect immediately.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementations, interpretation and/or enforcement of this Order.

Dated: June 22, 2011
      New York, New York

                                      **/s/Martin Glenn**
                                        MARTIN GLENN
                              United States Bankruptcy Judge