**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BORDERS GROUP, INC., *et al.*,**[1] | **Case No. 11-10614 (MG)** |
| **Debtors.** | **(Jointly Administered)** |

**ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY
CODE AND RULES 2002, 6004, 6006 AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE APPROVING SALE PROCEDURES IN
CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (the "Debtors") for an order pursuant to sections 105, 363 and 365 of the Bankruptcy

Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") seeking approval of:  (I) the sale of substantially all of the Debtors' assets

free and clear of all liens, claims, encumbrances and interests and the assumption and assignment

of executory contracts and expired leases related thereto, (II) approving the sale procedures and

break-up fee, and (III) granting related relief; and it appearing that the relief requested is in the

best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing

that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and it

appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
       are:  Borders Group, Inc. (4588); Borders International Services, Inc. (5075); Borders, Inc. (4285); Borders
       Direct, LLC (0084); Borders Properties, Inc. (7978); Borders Online, Inc. (8425); Borders Online, LLC (8996);
       and BGP (UK) Limited.

[2]    All terms not otherwise defined herein shall have the meanings assigned to them in the Motion.

of the Motion having been given and it appearing that no other notice need be given; and upon

the arguments made at the hearing held on July 14, 2011, and having heard the objections made

to the relief sought in the Motion; and after due deliberation and sufficient cause therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

A.      The Court has jurisdiction over this matter and over the property of the Debtors

and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  The statutory predicates

for the relief sought herein are 11 U.S.C. §§ 105, 363, 364, 365 and 503 and Bankruptcy Rules

2002, 6004, 6006 and 9014.  Venue of these cases and the Motion is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

B.      The relief granted herein is in the best interests of the Debtors, their estates, their

creditors and other parties in interest.

C.      The notice of the Motion and the hearing given by the Debtors constitutes due and

sufficient notice thereof.

D.      The Debtors have provided good and sufficient reasons and have demonstrated a

compelling and sound business justification for the Court to:  (1) approve the Bid Procedures in

the form annexed hereto as Exhibit A (hereinafter, the "Bid Procedures"); (2) approve the form

and manner of notice of the Motion, the Auction, the Sale Hearing and the assumption and

assignment of the Assumed Agreements; and (3) set the date of the Auction and the Sale

Hearing.

---

[3]     The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

E.     The Bid Procedures are reasonable and appropriate, and represent the best method of maximizing the realizable value of the Debtors' business and assets.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

A.     **Approval of Motion, Bid Procedures.**

1.     The Motion is granted to the extent provided herein.

2.     All objections filed in response to the relief granted herein, to the extent not resolved as set forth herein or at the Hearing, are hereby overruled.

3.     The Bid Procedures, substantially in the form annexed hereto as Exhibit A and incorporated herein by reference, are hereby approved and shall govern all proceedings related to the subject thereof, including:  (1) the Modified Purchase Agreement (as defined in the Bid Procedures), if any; (2) the Agency Agreement (as amended), (3) the Modified Agency Agreement (as defined in the Bid Procedures), if any; (4) the Auction, if any; and (5) the sale. Notwithstanding the foregoing, if the Debtors alter the Bid Procedures, which can only be done after consultation with the Committee and the DIP Agents, the Debtors shall provide notice of such changes to:  (a) the Committee; (b) the DIP Agents; (c) the Liquidating Agent; and (d) the bidders or the Qualified Bidders (as the case may be).  The failure to include or reference a particular provision of the Bid Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

4.     The Debtors are authorized to conduct the Auction as set forth in the Bid Procedures.

5.     July 17, 2011 at 5:00 p.m. shall be the deadline (the "Bid Deadline") for the submission of bids in accordance with the terms described in the Bid Procedures (notwithstanding Bankruptcy Rule 9006(a)(1)(C)).  Absent irregularities in the conduct of the

3

Auction, or reasonable and material confusion during the bidding, the Court will not consider bids made after the Auction has been closed.

**B.      Notice of and Objections to the Sale.**

6.      The Debtors shall file a notice announcing either that there was insufficient interest to conduct the Auction by July 18, 2011 or, in the event an Auction is conducted, the results of the Auction on the Court's docket and the Debtors' restructuring website (www.bordersreorganization.com) as soon as practicable on or before July 20, 2011.  The Court shall hold a hearing on July 21, 2011 at 11:00 a.m. (prevailing eastern time), at which time the Court shall consider the approval of the sale as set forth in the Motion and approve the Winning Bidder and confirm the results of the Auction, if any.

7.      Objections, if any, to the sale shall be made in writing, shall state with particularity the grounds therefore, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (General Order M-399 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5-inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-399 or otherwise so as to be actually received no later than July 14, 2011  at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline") by: (i) Kasowitz, Benson, Torres & Friedman LLP, attorneys for the Debtors, 1633 Broadway, New York, New York 10019 (Attn:  David M. Friedman, Esq., Andrew K. Glenn,

Esq., and Jeffrey R. Gleit, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004 (Attn: Paul K. Schwartzberg, Esq.); (iii) Lowenstein Sandler PC, counsel for the official committee of unsecured creditors, 65 Livingston Avenue, Roseland, New Jersey 07068 (Attn: Bruce D. Buechler, Esq. and Paul Kizel, Esq.), and 1251 Avenue of the Americas, New York, New York 10020 (Attn: Bruce S. Nathan, Esq.); (iv) counsel for the DIP Agents: (a) Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178-0060 (Attn: Wendy Walker, Esq.), and 225 Franklin Street, 16th Floor, Boston, Massachusetts 02110-4104 (Attn: Sandra Vrejan, Esq.), counsel for the Working Capital Agent, and (b) Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: Kevin Simard, Esq.), counsel for GA Capital LLC; (v) Kelley Drye & Warren LLP, attorneys for certain landlords, 101 Park Avenue, New York, New York 10178 (Attn: James S. Carr, Esq., Robert L. LeHane, Esq., and Benjamin D. Feder, Esq.); and (vi) Bingham McCutchen LLP, attorneys for Bank of America, N.A., One Federal Street, Boston, Massachusetts 02110-1726 (Attn: Julia Frost-Davies, Esq. and Andrew Gallo, Esq.); provided, however, in the event that the Debtors conduct an Auction in accordance with the Bid Procedures and the results of that Auction yield a Winning Bidder(s) other than the Liquidating Agent, objections as to any issues raised by such Winning Bid(s) or the identity of the Winning Bidder(s) may be filed and served in accordance with the above requirements no later than July 20, 2011 at 3:00 p.m. (prevailing Eastern Time) (the "Supplemental Objection Deadline").

C.      **Assumed Agreements.**

8.      The Debtors have served, on or before July 1, 2011, a notice to each Non-Debtor Counterparty to all or nearly all executory contracts and/or unexpired leases of the Debtors,

indicating that such Non-Debtor Counterparty's contract may be assumed and assigned, along with the proposed cure amount (the "Cure Amount") calculated by the Debtors (the "Notice of Assumption and Assignment"), the form of which is attached hereto as Exhibit B. The Notice of Assumption and Assignment is approved and the service of same on the addresses of the Non-Debtor Counterparties by the date the Debtors served such notices constitutes good and adequate service to the Non-Debtor Counterparties; provided, however, the following modifications and/or clarifications shall apply:

a. Nothing in this Order or the Notice of Assumption and Assignment shall effect any need of the Debtors to obtain prior consent of a lessor of an unexpired lease of non-residential real property to any further extension of the Assumption Deadline under 11 U.S.C. § 365(d)(4)(B)(ii);

b. In the event that an executory contract or unexpired lease is assumed and assigned in connection with the sale and this Order, the Debtors shall serve on the Non-Debtor Counterparty to an Assumed Agreement a notice indicating the Assumed Agreement that has been assumed, the effective date of the assumption and assignment, and the amount of the Cure Payment, if required, that has been made within three business days of such payment and/or assumption and assignment;

c. The Debtors will serve the Notice of Non-Assumption to the Non-Debtor Counterparty to a particular executory contract or unexpired lease within ten business days after the Winning Bidder notifies the Debtors that it will not require the Debtors to assume and assign such executory contract or unexpired lease; and

d. Copies of any notices sent in connection with the assumption and assignment or non-assumption of the Debtors' executory contracts and unexpired leases as set forth herein shall be served on counsel to the Non-Debtor Counterparties that have specifically requested or, in the future request, such service in connection with the Motion.

9. To the extent that any such Non-Debtor Counterparty seeks to object to (a) the assumption and assignment of its respective Assumed Agreement or (b) the Cure Amount, such objection shall be made in writing, shall state with particularity the grounds therefore, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (General Order M-399 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5-inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-399 or otherwise so as to be actually received no later than July 14, 2011 at 4:00 p.m. (prevailing Eastern Time); provided, however, in the event that the Debtors conduct an Auction and the results of that Auction yield a Winning Bidder(s) other than the Liquidating Agent, objections as to any issues raised by such Winning Bid(s) or the identity of the Winning Bidder(s) may be filed and served in accordance with the above requirements no later than the Supplemental Objection Deadline.

10. If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof.

**D.** **Additional Provisions.**

11. In the event of any inconsistencies between this Order and the Motion, the Purchase Agreement or the Bid Procedures, this Order shall govern in all respects.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2011
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE