# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1036

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG

SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE

———

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

———

OF COUNSEL

PAUL C. SAUNDERS

October 7, 2011

### Inability to Deliver E-mail Opt-Out Notice to
### Certain Former Borders Customers

Dear Honorable Judge Glenn:

I write to bring to the Court's attention that certain technical, operational and other difficulties have precluded my client, Barnes & Noble, Inc. ("B&N"), from complying with one of the requirements set forth in this Court's September 27, 2011 order approving the sale of certain IP assets of Borders to B&N (the "Order"). Specifically, I was informed late yesterday that the database containing the e-mail addresses of those Borders customers who had previously opted out of receiving marketing materials from Borders (the "Marketing Opt-Out Customers") is separate from the database containing the e-mail addresses of the Borders customers who have not so opted out (such customers, the "Non-Marketing Opt-Out Customers"). I was further informed that the databases for the Marketing Opt-Out Customer e-mail addresses and for the Non-Marketing Opt-Out Customer e-mail addresses are maintained by two separate vendors of Borders, and that despite repeated requests by B&N, new hardware purchases by B&N to allow the transfer and other efforts by B&N to facilitate the transfer, the database containing the e-mail addresses of the Marketing Opt-Out Customers has not yet been transferred to B&N. Accordingly, B&N was and remains to date unable to send to the Marketing Opt-Out Customers the e-mail opt-out notice that the Order requires to be sent by B&N on or within one business day after the closing date of the sale of the Borders IP assets to B&N (which occurred on September 30, 2011). The opt-out notice was timely sent to the Non-Marketing Opt-Out Customers, whose e-mail addresses were transferred to B&N at the closing.

In addition to the problem of not having the e-mail addresses of the Marketing Opt-Out Customers, following the closing B&N has been informed by the e-mail service provider that transmits the opt-out notice that certain industry self-regulatory protocols and related operational constraints may make it impractical to send a non-permission based e-mail (which the opt-out e-mail notice would be considered) to customers such as the Marketing Opt-Out Customers who have elected not to receive such e-mails. Accordingly, it may be necessary to treat the Marketing Opt-Out

Customers in the same manner as Borders customers whose e-mail address is not live are treated under the Order or to implement some other mechanism to address this problem.

The interested parties are working to resolve the issues referenced above and other concerns that have been raised in a mutually satisfactory manner. We expect to notify the Court once that has occurred and to seek any appropriate relief at that time. In the meantime, and notwithstanding the adjournment of the hearing previously scheduled for Tuesday, October 11, 2011, we felt it was important to bring this to the Court's attention promptly.

Sincerely, 

Paul H. Zumbro

Honorable Judge Martin Glenn
    United States Bankruptcy Judge for the Southern District of New York
        One Bowling Green
            New York, NY 10004-1408

VIA ECF FILING

Copy to:

Michael St. Patrick Baxter, Esq.
    Consumer Privacy Ombudsman
        Covington & Burling LLP
            1201 Pennsylvania Avenue, NW
                Washington, DC 20004-2401

Clark P. Russell, Esq.
    Assistant Attorney General
        State of New York
            120 Broadway
                New York, New York 10271

Bruce Buechler, Esq.
    Official Committee of Unsecured Creditors
        Lowenstein Sandler, PC
            65 Livingston Avenue
                Roseland, NJ 07068

Andrew K. Glenn, Esq.
    Counsel for Debtors
        Kasowitz, Benson, Torres & Friedman LLP
            1633 Broadway

New York, New York 10019

Eugene DeFelice, Esq.
Barnes & Noble, Inc.
Vice President, General Counsel and Secretary
122 Fifth Avenue
New York, NY 10011