**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BORDERS GROUP, INC., *et al*.,<br><br>Debtors.[1] | **FOR PUBLICATION**<br><br>Chapter 11<br><br>Case No. 11-10614 (MG)<br><br>(Jointly Administered) |

**MEMORANDUM OPINION SUSTAINING TENTH OMNIBUS OBJECTION**

*A P P E A R A N C E S:*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Attorneys for Borders Group, Inc.*
1633 Broadway
New York, New York 10019
By:    Jeffery R. Gleit, Esq.
        Michele L. Angell, Esq.

LOWENSTEIN SANDLER PC
*Attorneys for the Official Committee of Unsecured Creditors*
65 Livingston Avenue
Roseland, New Jersey 07068
By:    Bruce Buechler, Esq.
        Timothy R. Wheeler, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Original claims by two Texas counties were not received by the Debtors' claims agent

before the governmental bar date expired.  Well after the bar date, the counties submitted

supposedly amended claims, which the counties argued related back to the dates of the original

claims.  The Debtors objected to the later amended claims, seeking to expunge them on the

grounds that they were not timely filed.  The Texas counties *argued* that the original claims were

---

[1]      The Debtors are: Borders Group, Inc.; Borders International Services, Inc.; Borders, Inc.; Borders Direct, LLC; Borders Properties, Inc.; Borders Online, Inc.; Borders Online, LLC; and BGP (UK) Limited.

mailed, but they offered no proof to support that assertion.  Because the counties did not provide

any evidence of mailing the original proofs of claim, the Court sustains the Debtors' Objection

and expunges the late-filed claims.

## BACKGROUND

Pending before the Court is the *Debtors' Tenth Omnibus Objection to the Allowance of*

*Certain Claims: (I) Late Filed Claims, (II) Claims that Contradict the Debtors' Books and*

*Records, (III) Reclassified Claims, (IV) Reclassified Claims that Also Contradict the Debtors'*

*Books and Records, (V) No Liability Claims, and (VI) Insufficient Documentation Claims* (the

"Objection").[2]  (ECF Doc. # 2025.)  According to the Debtors, the proofs of claim subject to the

Objection should be disallowed because they were filed after the Governmental Bar Date.[3]  In

support of the Objection, the Debtors filed the declaration of David F. Head, managing director

of AlixPartners, LLP (the "Head Declaration").  (ECF Doc. # 2026.)  Mr. Head coordinates and

supervises the Debtors' claims reconciliation process and supports the Debtors' Objection.

The County of Denton, Texas ("Denton") and Tax Appraisal District of Bell County,

Texas ("Bell" and together with Denton, the "Claimants") filed a response (the "Response") to

the Objection asserting that Claim Numbers 3765 and 3766 (the "Claims"), which the Debtors

seek to expunge because they were late-filed, actually amend timely-filed claims.  (ECF Doc. #

2170.)  However, the Claimants failed to file any declaration or affidavit in support of the

---

[2]     In addition to the two proofs of claim subject to this opinion, through the Objection, the Debtors also seek
to disallow other claims that were: (1) filed after the after the General Bar Date, Rejection Bar Date and/or
Governmental Bar Date; (2) assert amounts in excess of the amounts reflected in the Debtors' books and records; (3)
improperly assert administrative or priority status; (4) assert amounts in excess of the amounts reflected in the
Debtors' books and records and improperly assert administrative or priority status; (5) relate to alleged liabilities
that are not enforceable; and (6) did not include sufficient documentation to ascertain their validity.  At the
December 14 hearing, the Court sustained the Objection to the other claims.  This opinion relates only to the two
claims filed by the two Texas counties discussed below.

[3]     The Court established June 1, 2011 at 5:00 p.m. as the general bar date for filing proofs of claim against the
Debtors' estates  (the "General Bar Date").  (ECF Doc. # 580.)  The Court established August 15, 2011 as the bar
date by which Governmental Units must file proofs of claim against the Debtors' estates (the "Governmental Bar
Date").  (*Id.*)

Response.  The Court initially held a hearing on the Objection on November 29, 2011, but, at the

Debtors' request, the hearing was adjourned to provide the Claimants an opportunity to support

their Response with a factual record.  On December 12, 2011, the Debtors filed a reply to the

Claimants' Response (the "Reply") as well as the Declaration of Craig E. Johnson (the "Johnson

Declaration") in support of the Reply.  Specifically, Mr. Johnson, a Senior Director with the

Garden City Group ("GCG"), the Debtors' claims agent, stated that GCG "never received any

proofs of claim from . . . Bell . . . besides Proof of Claim No. 3765."  (Johnson Decl. ¶ 4.)

Johnson also stated that GCG "never received any proofs of claim from . . . Denton besides Proof

of Claim No. 3766."  (*Id.*)  The Reply states that the Claimants were unable to locate proof of

mailing, communication evidencing mailing, or any other proof that original proofs of claim

were timely sent to GCG.  (ECF Doc. # 2304.)  According to the Reply, the Claimants provided

the Debtors' counsel with:

> statements of 'Proof of Claim' with attached exhibit tax
> assessments that do not appear to have been filed and that Garden
> City Group never received; a copy of an undated envelope
> addressed to Garden City Group with counsel's return address,
> which envelope was otherwise unmarked; and 1 and ¼ pages of
> what appeared to be internal law firm documentation of the
> Debtors' bankruptcy 'Status Report.'

(Reply ¶ 4.)

On December 14, 2011, the Court held another hearing on the Objection.  No one

appeared at the hearing for Claimants.  Debtors' counsel again requested that the Court expunge

the Claims and informed the Court that the Claimants had not provided any mail receipts

showing that original proofs of claim were sent to GCG prior to the Governmental Bar Date.

Debtors' counsel argued that the "mailbox rule," or a presumption of receipt upon proof of

mailing, does not apply here because the Claimants have failed to provide any evidence of

mailing.

3

The Claims apparently arise from property taxes on the Debtors' property in Denton and Bell counties for the 2011 tax year. The Claimants contend that on February 16, 2011, original proofs of claim were "generated" in the amount of $3,426.24 for Denton and $13,213.85 for Bell. (Response at 2.) According to the Response, these original proofs of claim were sent to GCG by regular first class U.S. mail, but file-stamped copies were not returned to the Claimants. (*Id.*)

On October 22, 2011, the Claimants filed claim number 3766 on behalf of Denton in the amount of $3,148.40 and claim number 3765 on behalf of Bell in the amount of $7,393.13. The Debtors seek to expunge the Claims because they were filed after the August 15, 2011 Governmental Bar Date. The Debtors provided the Claimants a further opportunity to prove that they filed original proofs of claim on February 16, 2011. However, the Claimants did not provide any proof of mailing; they have not filed any declaration or affidavit describing their mailing procedures or stating that they mailed the original proofs of claim on February 16, 2011.

## DISCUSSION

### A. The Governmental Bar Date

Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code also provides that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . proof of such claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9). Bar dates serve the important purposes of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007). Permitting creditors and claimants to file proofs of

claim at any time would make it "impossible to determine with any finality the obligations of the

debtor." *Id.*

Here, the Governmental Bar Date applicable to the Claimants provided a clear and

unambiguous deadline for filing proofs of claim against the Debtors.  The notices of the Bar

Date, served by GCG on all known creditors, provided that:

> **CONSEQUENCES OF FAILURE TO FILE A PROOF OF
> CLAIM BY THE APPLICABLE BAR DATE**
> . . . ANY CREDITOR WHO FAILS TO FILE A PROOF OF
> CLAIM ON OR BEFORE THE APPLICABLE BAR DATE IN
> THE APPROPRIATE FORM IN ACCORDANCE WITH THE
> PROCEDURES DESCRIBED IN THIS NOTICE FOR ANY
> CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT
> AGAINST EACH OF THE DEBTORS, WILL BE FOREVER
> BARRED, ESTOPPED AND ENJOINED FROM ASSERTING
> THE CLAIM AGAINST EACH OF THE DEBTORS AND
> THEIR RESPECTIVE CHAPTER 11 ESTATES, SUCCESSORS,
> AND PROPERTY WILL BE FOREVER DISCHARGED FROM
> ANY AND ALL INDEBTEDNESS OR LIABILITY WITH
> RESPECT TO THE CLAIM, AND THE HOLDER WILL NOT
> BE PERMITTED TO . . . PARTICIPATE IN ANY
> DISTRIBUTION IN ANY OF THE DEBTORS' CHAPTER 11
> CASES ON ACCOUNT OF THE CLAIM . . . .

(Objection ¶ 16.)

Moreover, notice of the Governmental Bar Date was published in the national edition of

the *New York Times* on April 25, 2011, and prominently stated:

> Any creditor who is required, but fails, to file a Proof of Claim
> in accordance with the Bar Date Order on or before the applicable
> Bar Date shall be forever barred, estopped, and enjoined from
> asserting such claim against the Debtors (or filing a Proof of Claim
> with respect thereto), the Debtors and their property shall be
> forever discharged from any and all indebtedness or liability with
> respect to such claim, and such holder shall not be permitted to . . .
> participate in any distribution in the Debtors' chapter 11 cases on
> account of such claim . . . .

(Objection ¶ 17.)

The Claimants do not argue that they were unaware of the Governmental Bar Date. The Court finds that sufficient notice of the Governmental Bar Date was provided to the Claimants. Additionally, the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") (ECF Doc. # 580) specifically provides "Proofs of Claim will be deemed filed only when <u>received</u> by . . . The Garden City Group . . . or the Clerk of the United States Bankruptcy Court for the Southern District of New York on or before the applicable Bar Date." (Bar Date Order at 3.) The Claimants argue they *mailed* original proofs of claim to GCG on February 16, 2011; they do not argue that the claims were actually *received* by GCG prior to the Governmental Bar Date. Moreover, the Johnson Declaration provides competent evidence that GCG did not receive the original proofs of claim.

### B. Presumption of Receipt from Proof of Mailing

Courts in this circuit follow the so-called "mailbox rule" with respect to the timely filing of proofs of claim.[4] *See, e.g.*, *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 110 (Bankr. S.D.N.Y. 1997) (Garrity, J.) (applying the "mailbox" rule to claimants who provided evidence that normal procedures were followed in mailing a proof of claim). "A rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." *In re WorldCom, Inc.*, Case No. 02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that a claimant received notice of a bar date based on evidence demonstrating that notice was properly addressed and mailed); *see also Hagner v. U.S.*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a

---

[4]        The Third Circuit has declined to adopt the mailbox rule. *See Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911, 913 (3d Cir. 1991) (stating that "courts in this circuit have not permitted a rebuttable presumption of receipt to arise by the mere act of mailing a proof of claim"). Because the Claimants failed to offer proof of mailing, the result in this case would be the same whichever rule applied.

presumption that it reached its destination in usual time and was actually received by the person

to whom it was addressed.").  The sender must provide evidence of actual mailing in the form of

an affidavit submitted by an individual who supervised the mailing to allow the presumption to

arise.  *See In re WorldCom, Inc.*, 2005 WL 3875192, at *3 (citing *In re Adler, Coleman Clearing

Corp.*, 204 B.R. 99, 104-05 (finding that an affidavit submitted by the president of the company

stating that he oversaw the mailing of claims packages was sufficient to trigger the presumption

that the claimants received the packages)).  "[U]nder New York law personal knowledge is

required only to establish regular office procedure, not the particular mailing."  *Meckel v.

Continental Resources Co.*, 758 F.2d 811, 816 (2d Cir. 1985).  Such evidence creates a

rebuttable presumption as to the addressee's receipt.

In this case, the Debtors supported the Objection with competent evidence that GCG did

not receive the original proofs of claim.  To overcome the Debtors' Objection, the Claimants

must prove that they mailed the original proofs of claim before the Governmental Bar Date.

Proof of mailing properly addressed would be sufficient to presume receipt of the original proofs

of claim by GCG, thereby shifting the burden to the Debtors to rebut the presumption.

Although given ample opportunity to do so, the Claimants have not provided any

evidence of mailing.  They did not submit an affidavit or declaration explaining their mailing

procedures or describing the particular circumstances of the preparation and alleged mailing of

the original proofs of claim.  The Response simply states:

> [o]n February 16, 2011, original proofs of claim were generated . .
> . .  These original claims were sent by regular first class U.S. mail
> to the debtor's claims agent, Garden City Group, but file stamped
> copies were not returned from the Garden City Group for the
> original proofs of claim.

(Response at 3.)  The rebuttable presumption of receipt does not arise from the conclusory statements in the Response, unsupported by any competent evidence.[5]

## CONCLUSION

The Debtors established that GCG did not receive the original proofs of claim.  The Claimants failed to provide any evidence that original proofs of claim were mailed prior to the Governmental Bar Date.  Therefore, for these reasons discussed above, the Debtors' Objection is sustained and the Claims are expunged.  Debtors' counsel shall submit a separate order sustaining the Objection and expunging the claims.


Dated: December 22, 2011
       New York, New York


                                        **/s/Martin Glenn**
                                        MARTIN GLENN
                              United States Bankruptcy Judge

---

[5]        In this case the presumption of receipt from proof of mailing did not arise.  When evidence of mailing is provided, "[t]he mere denial of receipt does not rebut that presumption.  There must be—in addition to denial of receipt—some proof that the regular office practice was not followed or was carelessly executed so the presumption that notice was mailed becomes unreasonable."  *In re Alder, Coleman Clearing Corp.*, 204 B.R. at 110 (citing *Meckel v. Continental Resources Co.*, 758 F.2d 811, 816).