| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>In re:<br><br>    BGI, INC., f/k/a Borders Group Inc.,<br><br>                                       Debtor. | **NOT FOR PUBLICATION**<br><br>Case No. 11-10614 (MG)<br><br>Substantively Consolidated |

**MEMORANDUM OPINION AND ORDER DENYING MOTION OF GIFT-CARD
CLAIMANTS FOR A STAY OF INTERIM DISTRIBUTIONS PENDING
APPEAL OF DENIAL OF LEAVE TO FILE LATE CLAIMS**

Pending before the Court is a motion (the "Motion") by certain holders of the Borders Books' consumer gift-cards (the "Gift-Card Claimants") for a stay, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, of interim distributions by Curtis R. Smith (the "Liquidating Trustee") and the BGI Creditors' Liquidating Trust (the "Trust"), as successor to Borders Group Inc. and seven affiliates (the "Debtors") under the confirmed Plan of Liquidation, pending determination of the Gift-Card Claimants' appeal of a decision by this Court denying the Gift-Card Claimants' motion to file late claims and for certification of a class of gift-card holders (ECF Doc. # 2896). The Gift-Card Claimants also filed an objection (the "Interim Distribution Objection") (ECF Doc. # 2894) to the motion by the Liquidating Trustee and the Trust for an order authorizing interim distributions to general unsecured creditors pursuant to the terms of the confirmed Plan of Liquidation (the "Interim Distribution Motion") (ECF Doc. # 2875).

On October 16, 2012, the Liquidating Trustee and the Trust filed a reply to the Interim Distribution Objection (the "Reply") (ECF Doc. # 2905), and on October 24, 2012, they filed an objection to the Motion for a Stay of Interim Distributions (the "Objection") (ECF Doc. # 2923).

1

In a separate order entered today, the Court grants the motion of the Liquidating Trustee and the Trust to authorize the interim distributions to creditors. For the reasons explained below, the Court denies the motion of the Gift-Card Claimants for a stay of the interim distributions.

## I.    BACKGROUND

On August 14, 2012, the Court in a reported decision denied the motions of certain holders of the Borders' consumer gift-cards to (1) file untimely proofs of claim based on the amounts remaining on their gift-cards and (2) enter an order certifying a class of all holders of Borders' gift-cards. *See In re BGI, Inc.*, 476 B.R. 812 (Bankr. S.D.N.Y. 2012); *Memorandum Opinion Denying Gift-Card Claimants' Motion to File Late Claims and Class Certification* (the "Gift-Card Opinion") (ECF Doc. # 2806). On August 28, 2012, the Gift-Card Claimants filed notices of appeal from this decision.

The Gift-Card Claimants now argue that the Court should stay the interim distributions to creditors pending appeal of the denial of their late claims and class certification, arguing that putative class members would be prejudiced if distributions are made to creditors because insufficient funds would remain to satisfy putative claims of an uncertified class of gift-card holders. The Gift-Card Claimants argue that the Rule 8005 balancing test that bankruptcy courts consider when deciding a motion to stay pending appeal weighs in their favor. However, the Gift-Card Claimants' Motion would prevent the Liquidating Trustee from being able to administer the confirmed Plan, which requires that distributions be made before year-end. As explained below, to achieve this result, the Gift-Card Claimants needed to make a timely motion to modify or revoke the confirmed Plan and Confirmation Order under section 1144 of the Bankruptcy Code,

2

something they have never done and could not do in any event. Relief from a confirmation order may only be obtained within 180 days of the entry of the order and only where the order was procured by fraud. 11 U.S.C. § 1144. Because the Gift-Card Claimants filed the motion more than 180 days after entry of the Confirmation Order (nearly four months past the deadline in fact), it must be denied as untimely. In any event, even if the Court interpreted the motion as requesting a stay pending appeal of the denial of their late-claim motion, the Claimants have failed to show that the Rule 8005 factors weigh in their favor. Therefore, the Court **DENIES** the motion for a stay of interim distributions pending appeal.[1]

Although a full history of this case has been set forth in the Court's previous opinions, the following background is relevant for the motion at issue. On February 16, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Court established June 1, 2011 as the deadline for each person or entity to file a proof of claim based on claims that arose on or prior to the Petition Date (the "General Bar Date"). The Court approved the notice of the General Bar Date and deemed the notice adequate and sufficient if served by first class mail on, among others, "all known creditors and other known holders of claims" (the "Bar Date Order") (ECF Doc. # 580). The Bar Date Order also directed the Debtors to publish notice of the General Bar Date once, in the national edition of *The New York Times*, at least twenty-eight days before the General Bar Date. *See* Bar Date Order at 7.

---

[1] The Gift-Card Claimants filed a motion seeking entry of an order shortening notice for a hearing with respect to their motion for a stay of interim distributions (ECF Doc. # 2898). The Court denied the motion but ordered the Trustee to file any opposition to the stay motion. On October 24, 2012, an objection to the Motion for a Stay of Interim Distributions was filed (ECF Doc. # 2923). No oral argument of the stay motion was permitted.

On December 21, 2011, the Court entered an order (the "Confirmation Order") (ECF Doc. #2384) confirming the *First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, dated as of November 10, 2011 (the "Plan") (ECF Doc. #2110, Ex. A). The Plan became effective on January 12, 2012.

On January 4, 2012, two individuals holding Borders Gift-Cards (the "Gift-Card Claimants" or "Claimants") filed motions for leave to file untimely proofs of claim against the Debtors (the "Late Claim Motion") (ECF Doc. # 2415). On January 9, 2012, those two individuals and one additional gift-card holder who did not file a motion for leave to file a late claim filed a motion to certify a class on behalf of all gift-card holders (the "Class Action Motion") (ECF Doc. # 2450). In the Late Claim Motion, the Claimants alleged they were not provided adequate notice of the Bar Date from publication in *The New York Times*. The Claimants argued that they were "known" creditors that should have received actual notice of the General Bar Date. "Known" creditors must be afforded actual written notice of the bankruptcy filing and the bar date; unknown creditors need only receive constructive notice, such as notice by publication. *See In re Drexel Burnham Lambert Grp., Inc.,* 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993). A creditor is considered "known" where its identity "is actually known to the debtor or . . . is 'reasonably ascertainable' by the debtor." *In re XO Commc'ns, Inc.,* 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995)).

The issue whether the Gift-Card Claimants were "known" creditors raised a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure.

4

Therefore, the Court permitted expedited discovery and set the matter for an evidentiary hearing. On August 16, 2012, the Court denied the Gift-Card Claimants' Motions (the "Late Claim Orders") (ECF Doc. ## 2814, 2815), finding the following facts: (1) the Claimants were not "known" creditors because their status as possible creditors was not known or reasonably ascertainable to the Debtors, (2) publication in *The New York Times* constituted adequate constructive notice to put unknown creditors on notice of the Bar Date, and (3) the Gift-Card Claimants' failure to file proofs of claim before the Bar Date despite having adequate notice was not the result of excusable neglect based on an evaluation of the four factors set forth by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.,* 507 US. 380, 395 (1993).[2]  *See In re BGI, Inc.*, 476 B.R. at 820-26. Because the Court concluded that the Gift-Card Claimants were not permitted to file untimely proofs of claim, the Court denied the class certification motion as moot. *Id.* at 826-27. Additionally, the Gift-Card Claimants cannot represent the putative class because they are not members of the class they seek to represent. *Id.*

## II.   DISCUSSION

### A. The Gift-Card Claimants are Barred from Asserting a Collateral Attack on the Confirmation Order and Plan

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure govern when and to what extent a Court may grant a post-confirmation motion that would have the effect of modifying or revoking a confirmed chapter 11 plan. Section 1141(a) of the

---

[2]   The *Pioneer* Court established four factors to assist bankruptcy courts in evaluating excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.  "'The Second Circuit strictly observes bar dates and has adopted what has been characterized as a 'hard line' in applying the *Pioneer* test,' meaning that this Court should focus its analysis 'primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant.'" *In re BGI, Inc.*, 476 B.R. at 824 (quoting *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119-20 (Bankr. S.D.N.Y. 2010).

Code provides that a confirmed plan is binding on, among others, the debtor and any creditor, whether or not such creditor accepted the plan. 11 U.S.C. § 1141(a). "An order of confirmation concededly binds the debtor and its creditors whether or not they have accepted the confirmed plan. Thus, it has preclusive effect." *Maxwell Commc'n Corp. v. Societe Generale (In re Maxwell Commc'n Corp.)*, 93 F.3d. 1036, 1044 (2d Cir. 1996).

### 1. Modifying a Plan

A confirmed chapter 11 plan may only be modified by the proponent or reorganized debtor, and only before the plan has been "substantially consummated." 11 U.S.C. § 1127(b). Courts have found a plan to be substantially consummated when distributions under the plan were commenced and the proponent of a modification bears the burden of establishing that the plan has *not* been substantially consummated. *See Indu Craft, Inc. v. Bank of Baroda (In re Indu Craft, Inc.),* 2012 WL 3070387, at *9, 13, 16 (S.D.N.Y. July 27, 2012).

The Gift-Card Claimants are essentially seeking to modify the confirmed Plan by asking this court to enjoin the Liquidating Trustee from making distributions to creditors as mandated by the Plan and the Liquidating Trust Agreement. *See* 7 COLLIER ON BANKRUPTCY ¶1127.03 (16th rev. ed. 2012) ("The Court of Appeals for the Second Circuit has characterized as a 'modification' a restructuring that effectively altered a payment right."). These Claimants are seeking to do so without standing as a proponent of the Plan and long after the Plan has been substantially consummated. *See In re BGI, Inc.*, 476 B.R. at 825 (finding that the Plan had been substantially consummated). As such, this Court denies the Gift-Card Claimants' Motion to the extent it seeks to modify the Plan.

*2. Revoking a Plan*

Section 1144 of the Code provides the sole basis for a court to overturn a confirmed chapter 11 plan. COLLIER ON BANKRUPTCY ¶ 1144.02. It provides that a confirmation order may only be revoked where an adversary proceeding is brought within 180 days after entry of the order, and only where the order was procured by fraud.[3] 11 U.S.C. § 1144. The 180-day deadline is absolute and may not be extended by the court pursuant to its equitable powers or Bankruptcy Rule 9024.[4] In fact, "in cases with more complicated plans of reorganization that impact greater numbers of interested parties, the time frame within which a request for revocation should be made necessarily shortens because the level of difficulty required to comply with the statute and protect innocent third parties in a revocation order increases exponentially." *Varde Inv. Partners, L.P. v. Comair, Inc. (In re Delta Air Lines, Inc.)*, 386 B.R. 518, 533 (Bankr. S.D.N.Y. 2008).

Courts analyzing section 1144 have consistently held that parties are barred from attacking a chapter 11 confirmation order by characterizing their action as an independent motion or cause of action, rather than an adversary proceeding to revoke the order. *See Lauren Assocs. v. Reed (In re California Litfunding)*, 360 B.R. 310 (Bankr. C.D. Cal. 2007) (finding an adversary proceeding in state court alleging fraud in the inducement against the directors of the Debtor for misrepresentations in its disclosure statement

---

[3]  Section 1144 provides: "On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." 11 U.S.C. § 1144.

[4]  Bankruptcy Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in a chapter 11 case. Rule 60, in turn, allows a court to relieve a party from a final judgment, order or proceeding for a variety of reasons if it is filed within a "reasonable" time after the final order or judgment is issued. FED. R. CIV. P. 60(b)(6). However, Rule 9024 provides that an action to revoke confirmation of a chapter 11 plan is subject to the 180-day limit from section 1144. *See* COLLIER ON BANKRUPTCY ¶ 1144.07[1] ("Bankruptcy Rule 9024 specifically excepts an action to revoke confirmation of a chapter 11 plan from the scope of Rule 60. This does not mean that Rule 60 is inapplicable with respect to orders of confirmation. . . . If, for instance, clerical mistakes or other technical matters need to be corrected in an order confirming a plan, the court may do so under Rule 60.").

7

constituted a collateral attack against the confirmation, effectively attempting to revoke the confirmed plan); *In re Winom Tool & Die, Inc.*, 173 B.R. 613, 616 (Bankr. E.D. Mich. 1994) (holding that conversion to a chapter 7 case cannot invalidate the effects of a confirmed chapter 11 plan, because doing so would constitute a *de facto* revocation of a confirmed plan in violation of section 1144); *F & M Marquette Nat'l Bank v. Emmer Brothers Co. (In re Emmer Brothers Co.),* 52 B.R. 385 (D. Minn. 1985).

A court must look carefully at the facts and the requested relief to determine whether a party is attempting to revoke a confirmation order, focusing particularly on whether the relief sought would upset the confirmed plan, negatively affect innocent parties and creditors, and attempt to "redivide the pie." If "a claim does not involve an attempt to 'redivide the pie' by a disgruntled participant in the Plan" and instead merely "involves a dispute about an additional asset that did not figure into the reorganization Plan, an adjudication of the dispute would not upset the confirmed Plan, and the 180 day time limitation of Section 1144 is not a bar." *Farley v. Coffee Cupboard, Inc. (In re Coffee Cupboard, Inc.*), 119 B.R. 14, 19 (E.D.N.Y. 1990). On the other hand, where the requested relief would reverse what would otherwise be the consequences of a confirmed chapter 11 plan, that action is a collateral attack on the plan and is subject to section 1144's strict limitations.

Although the Gift-Card Claimants have not filed a motion specifically requesting this Court revoke the Confirmation Order, granting the Motion to Stay the Interim Distributions provided for in the Plan would do just that.[5] Granting the requested relief would necessarily interfere with the Liquidating Trustee's ability to carry out the

---

[5] Article VI of the Plan provides for interim distributions to certain Holders of Liquidating Trust Interests in accordance with the Liquidating Trust Agreement and from the Disputed Claims Reserve in accordance with the Plan.

8

provisions of the Plan requiring it to make scheduled interim distributions, and the Claimants' ultimate goal—allowing a class of gift-card holders to file untimely proofs of claims—would result in a substantial redistribution of estate assets long after confirmation of the Plan. The Court therefore considers the Gift-Card Claimants' Motion to be an action to revoke the confirmed chapter 11 Plan.

The Confirmation Order was entered on December 11, 2011, and the time period to commence an action seeking revocation of the Confirmation Order expired on June 9, 2012. The Gift-Card Claimants filed their Motion on October 11, 2012, approximately four months past the deadline. The Court therefore DENIES the Gift-Card Claimants' Motion as untimely under section 1144 of the Code.

### B. The Gift-Card Claimants Cannot Meet the Standard for a Stay Pending Appeal

Even if this Court were to interpret the Gift-Card Claimants' Motion as a motion for a traditional injunction as opposed to an action to modify or revoke the Confirmation Order, it would deny the Motion for failing to meet the standard for a stay pending appeal. When a movant requests a general stay pending appeal from an order of the Bankruptcy Court pursuant to Bankruptcy Rule 8005, courts consider four factors:

> (1) whether the movant has demonstrated a substantial likelihood of success on the merits;
> (2) whether the movant will suffer irreparable injury absent a stay;
> (3) whether another party will suffer substantial injury if a stay is issued; and
> (4) the public interests at stake.

*ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.),* 361 B.R. 337, 346 (S.D.N.Y. 2007). The movant must show satisfactory evidence on all four factors. *See Rally Auto Group, Inc. v. Gen. Motors LLC (In re Motors Liquidation Co.),* 2010 WL 4449425, at *3 (S.D.N.Y. Oct. 29, 2010) ("The lack of any one factor is

9

not dispositive to the success of the motion, rather the appropriate inquiry represents a balancing of the four factors. The moving party, however, must show satisfactory evidence on all four criteria.") (citations omitted).

The Claimants argue that the test weighs in their favor because (1) there is a substantial likelihood of success on the merits because, among others, "[t]he issues on appeal are purely legal, involving the application of due process and interpretation of notice obligations," and a court's rulings on law are subject to *de novo* review; (2) the Gift-Card Claimants will suffer irreparable injury absent a stay because interim distributions would diminish the assets available to pay the Claimants and essentially moot their appeal; (3) other parties would not be substantially injured by such order because the Trustee has not yet completed his administration of the Estate and he plans to administer the distributions over a five-year period; and (4) granting the stay is in the public interest because it would protect the Claimants' ability to prosecute a significant number of claims valued at over $100 million. *See* Motion for a Stay of Interim Distributions.

This Court strongly disagrees with each of the Gift-Card Claimants' arguments. First, they have failed to demonstrate a substantial likelihood of success on the merits. Notwithstanding the Claimants' assertions to the contrary, the main issues on appeal revolve around whether this Court properly (i) determined that the Claimants were unknown creditors for whom notification by publication was adequate to inform them of the General Bar Date, (ii) denied certification of a class of Gift-Card Holders, and (iii) entered the order granting the Interim Distribution Motion. In reviewing bankruptcy court decisions, a district court accepts factual findings unless clearly erroneous and

10

reviews conclusions of law *de novo*. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 124 (2d Cir. 2005). Bankruptcy court decisions to deny a request to file late claims or to certify a class are reviewed for abuse of discretion. *See id.* at 124 (late-filed claims decisions are reviewed for abuse of discretion); *Carrera v. Bally Total Fitness of Greater N.Y. (In re Bally Total Fitness of Greater N.Y., Inc.)*, 411 B.R. 142, 145 (S.D.N.Y. 2009) (class certification decisions are reviewed for abuse of discretion). Following an evidentiary hearing, the Court made factual findings concluding that the Gift-Card Claimants were not "known" creditors. Gift-Card Claimants' appeals therefore mainly involve factual findings subject to a deferential, not *de novo*, review.

Second, the Gift-Card Claimants have failed to demonstrate irreparable injury. Most courts have held that the risk that an appeal will be moot absent a stay, without more, does not constitute irreparable harm. *See, e.g., In re Best Prods. Co., Inc.,* 177 B.R. 791, 808 (S.D.N.Y. 1995), *aff'd on other grounds*, 68 F.3d 26 (2d Cir. 1995)*; Adelphia Commc'ns Corp.,* 361 B.R. at 347. In any event, the Claimants only hold Gift-Cards valued at $225 in the aggregate. Reserves held by the Liquidating Trust are more than adequate to satisfy these potential claims.[6] Moreover, the Claimants lack standing to assert claims on behalf of a purported class of gift-card holders and this Court therefore will not consider any alleged harm to the purported class.[7]

---

[6] In fact, Ms. Freij's $25 Gift-Card may not be entitled to reimbursement because the Plan provides that distributions for amounts less than $50.00 revert to the Trust. *See* Plan at Art. VI.G. And, Mr. Traktman may not be entitled to reimbursement for his $100 Gift-Card because he never joined the Late Claims Motion or sought leave to file a late claim.

[7] Named parties seeking to assert claims on behalf of members of a putative class "must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *W.R. Huff Asset Mgmt.*

Third, holders of allowed general unsecured claims would face significant harm from a stay of Interim Distributions, including the loss of valuable working capital for an indefinite period of time, lost opportunities to invest the funds, and the risk of losing principal based on the FDIC's insurance coverage.  *See* Reply at ¶¶ 37-40.

Last, staying the interim distributions would not be in the public's interest. Congress and the courts have stressed the need for parties to be able to rely on the finality of chapter 11 plans and related orders in conducting business and in dealing with the reorganized debtor.  "If plans could be overturned or rescinded except in the most extreme of circumstances, the reliability of the plan process would be undermined." COLLIER ON BANKRUPTCY ¶1144.02[1].

### III.    CONCLUSION

For the reasons discussed above, this Court **DENIES** the Gift-Card Claimants' motion for a stay of interim distributions pending appeal.

DATED:     November 2, 2012
           New York, New York


                                        ___*Martin Glenn*_____
                                        MARTIN GLENN
                                        United States Bankruptcy Judge

---

*Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n.5 (2d Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490 (1975).